RODGERS, Justice:
The appellant, Donald Arnold Howell, was indicted, tried and convicted in the Circuit Court of Harrison County, Mississippi, on a charge of the unlawful sale of narcotic drugs. He was sentenced to five years in the Mississippi State Penitentiary and fined one dollar. His license to practice pharmacy was revoked. He has appealed to this Court and now contends that he should have been granted a continuance and that, in any case, the testimony was contrary to the overwhelming evidence and his motion for a new trial should have been granted.
The appellant argues that his motion for continuance should have been sustained because of certain unfavorable publicity in the newspapers in regard to his arrest15 and the arrest of other persons charged with a similar offense.
The matter of granting a continuance of a case in the trial court is largely a question addressed to the sound discretion of the trial judge, and, unless it appears that the judge has abused his judicial discretion, a denial of a continuance is not ordinarily grounds for a reversal unless it is apparent to this Court that an injustice will be the result of affirming the ruling of the trial court.
In the instant case the mere fact that the defendant’s arrest was reported in a local newspaper is not sufficient evidence to show that the defendant was not given a fair trial. No prejudice was shown to have occurred because of the notice in the newspaper. See Wetzel v. State, 225 Miss. 450, 76 So.2d 188 (1954); Allgood v. State, 173 Miss. 27, 161 So. 756 (1935).
The proper procedure in case of public excitement and prejudice against a defendant is to request a change of venue. This may not hold true, however, in extreme cases. Lee v. State, 160 Miss. 618, 134 So. 185 (1931). However, a motion to change the venue is the ordinary, proper, and almost universal, rule of procedure. Anno. 39 A.L.R.2d 1325 (1955).
We find no error in the record on the part of the trial court in refusing to grant a continuance because of public excitement growing out of a newspaper report.
It is next contended that the court should have granted the appellant a new trial on the ground that the verdict of the jury was contrary to the overwhelming weight of the evidence.
This motion is predicated upon the fact that the witness employed by the police to purchase narcotics from the appellant was a criminal with a long criminal record of burglary, possession of narcotics, armed robbery and automobile theft. On the other hand, it is shown that the defendant-appellant is a druggist with a good reputation as a citizen, and is, therefore, worthy of belief.
There is other testimony, however, on which the jury could have reached the conclusion of guilt.
Two policemen testified that they searched the agent sent to purchase the narcotics before and after he went into the drug store and that he had no narcotics before he entered the drug store, but did have narcotics after he came out. They gave him marked money to pay the druggist and they later found this money in the possession of the appellant. Moreover, the defendant admitted to the officers that, “Yeah, I made a sale.” The defendant, however, refused to state what he sold to the state’s agent.
We think the state’s evidence is more than sufficient to sustain a jury verdict of guilty.
The judgment and sentence of the trial court must, therefore, be affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.