437 So.2d 59 (1983)
Robert FORBES (Ford)
v.
STATE of Mississippi.
No. 54424.
Supreme Court of Mississippi.
September 7, 1983.
M. Charles May and C. Eiland Harris, Jackson, for appellant.
Bill Allain, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
Robert Ford was indicted and convicted in the First Judicial District of the Circuit Court of Hinds County for armed robbery. He was sentenced to twenty years imprisonment with five years suspended. Ford appeals, assigning the following as error:
The court erred:
1. In not granting the appellant's motion for a directed verdict after the State had concluded its case.
2. In not striking for cause the members of the jury that had been burglarized or robbed.
3. In not granting appellant a mistrial or continuance when the jury panel contained 19 persons who had been burglarized or who had been robbed in a recent period of time.
4. The verdict of the jury was against the overwhelming weight of the evidence.
The night of January 26, 1982, a beige Plymouth Satellite automobile parked behind the Church's Fried Chicken store on Ellis Avenue in Jackson. One of the two men inside the car emerged, entered the store, and robbed it at gunpoint. Following his instructions, the employees put the one *60 dollar bills from the cash registers into a Church's bag and gave the robber the five, ten and twenty dollar bills which he put into his pocket. He then ordered the employees into the office and left the store. Immediately afterward Diane Liddell, an employee of Church's, called the police.
Officer Terry Grice took descriptions from the witnesses about 12:30 a.m., January 27, approximately 30 minutes after the robbery. Deputy Tommy Powell heard the information over the radio and stopped a vehicle south of the intersection of Rose and Capital Streets which fit Grice's description. Both the driver, Robert Ford, and the passenger, Charles Carter were arrested.
Ford first contends his motion for directed verdict was erroneously denied. In considering such motion we accept as true all evidence most favorable to the state, together with its reasonable inferences, and disregard evidence favorable to the appellant. If such evidence will support a guilty verdict, the motion for directed verdict will be denied. Bullock v. State, 391 So.2d 601, 606 (Miss. 1980).
While the record discloses no direct testimony identifying Robert Ford as one of the men who robbed the chicken store, the state did present evidence from which reasonable inferences of Ford's guilt could be drawn. Ida Haynes testified there were two black men inside the car from which the armed robber emerged. At the time of Ford's arrest within 30 minutes of the robbery he was driving a Plymouth Satellite fitting Haynes' description. Officers found a Church's chicken bag with 44 one dollar bills on the front seat between Ford and Charles Carter, whom Ida Haynes and Dianne Liddell positively identified as the man who took the store's money at gunpoint. Additionally, Officer Powell saw protruding from underneath the passenger's seat a revolver which matched the employees' description of the robbery weapon. We are of the opinion reasonable inferences of Ford's guilt could be drawn from this evidence and that the case was therefore properly submitted to the jury.
Ford's next two contentions involve the following proceedings had during voir dire:
BY MR. MAY:
... I would like to challenge Mr. McComb, Ms. Mallard, Ms. Kelly, Ms. Dow and Ms. Sanders for having been involved or their relatives have been involved in criminal actions and we feel like their attitude would be prejudical [sic] to the defendant.
BY MR. WINGATE:
We object.
BY THE COURT:
I am going to overrule those. I think we cleared it up on all of those that they had no ill feelings, had no preconceived ideas and that they could fairly try this case. Your challenges will be noted and they will be overruled. Anything further?
BY MR. MAY:
We would like to move the Court for a mistrial or, in the alternative, for a continuance of this case until such time as another jury panel is selected due to the fact that nineteen of the forty-three remaining jurors have been involved with a burglary and two of them have been involved with an armed robbery and the defendant feels like this would prejudice his case in that these people could not fairly give him a just trial and we feel like we should either have a mistrial or a continuance for a pre-set date for another jury, Your Honor.
BY THE COURT:
Well, it's been my experience that you will get the same reaction from any juror or from any jury panel that was summoned and, on the voir dire, each and every one of them stated that they would not hold that against the State or the defendant in the trial of the case so the objection will be overruled and the motion will be denied. (Emphasis added.)
Ford argues the court should have struck for cause those 19 jurors, or, in the alternative, granted a mistrial or continuance.
Had it become apparent that any juror would be unable to fairly try the case *61 regardless of personal experiences with crime, the trial court would have been required by Atkinson v. State, 371 So.2d 869 (Miss. 1979), to strike that juror for cause. However, in view of the remarks emphasized above by the trial court, we conclude there was no error in refusing to strike for cause the 19 jurors in question.
In his third contention, the court erred in refusing to grant a mistrial or continuance, Ford relies on Wetzel v. State, 225 Miss. 450, 76 So.2d 188 (1954). While that case rejected appellant's argument that popular excitement or prejudice generated by media publicity entitled him to a continuance, the court did state the following, "The correct remedy is a change of venue, but a continuance would be proper where unusual circumstances exist." 225 Miss. at 474, 76 So.2d at 193. Ford argues it was an unusual circumstance that 19 of 43 potential jurors admitted on voir dire they had been robbed or burglarized and therefore, the trial court should have granted a continuance.
We have held that the granting of continuances is a matter of the trial judge's discretion and that we will not reverse where defendant has failed to show he was prejudiced by the denial of his motion. Howell v. State, 246 So.2d 95, 96 (Miss. 1971). In this case all the jurors stated they would not allow their personal experiences to influence their verdict. The jurors finally selected were sworn to fairly try the case. Additionally, they were directed by instruction No. 1 that they should "not be influenced by bias, sympathy or prejudice." It is presumed that the jury followed this instruction. Edwards v. State, 413 So.2d 1007 (Miss. 1982). We conclude the denial of defendant's motion, not having been shown to have prejudiced the defendant, was within the trial judge's discretion. Further we are of the opinion the percentage of potential jurors who had had experience with robbery and burglary is not so unusual or extraordinary as to require reversal under Wetzel for failure to grant a continuance.
Ford's last argument, the verdict of the jury was against the overwhelming weight of the evidence, is without merit. Having scrutinized the record, we are of the opinion the evidence and the reasonable inferences drawn therefrom support the jury's verdict.
AFFIRMED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.