615 So.2d 590 (1993)
Larry D. EDWARDS
v.
STATE of Mississippi.
No. 90-KA-1122.
Supreme Court of Mississippi.
March 18, 1993.
*592 Rabun Jones, Gaines S. Dyer, Dyer Dyer Dyer & Jones, Greenville, for appellant.
Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
SMITH, Justice, for the court:
Larry D. Edwards was indicted, tried and convicted in the Circuit Court of Sharkey County, for the crime of possession of cocaine with intent to distribute, and received a sentence of twenty-five years in the custody of the Mississippi Department of Corrections.
Edwards' counsel filed a motion for a J.N.O.V. or, in the alternative, a new trial and that motion was denied by the trial court on October 10, 1990. Aggrieved, Edwards appeals, assigning errors by the trial court as follows:
I. IN VIEW OF THE FACT THAT, OUTSIDE OF THE STATEMENT OF THE DEFENDANT THAT HE HAD BEEN SELLING DRUGS, THERE WAS NO PROOF BY A PREPONDERANCE OF THE EVIDENCE OF ANY INTENT TO SELL DRUGS, THE STATE FAILED TO PROVE ALIUNDE THE DEFENDANT'S ADMISSION, THE CORPUS DELICTI: CONSEQUENTLY, THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S REQUEST FOR A PEREMPTORY INSTRUCTION OR A NEW TRIAL DUE TO INSUFFICIENT EVIDENCE.
II. THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS UNDER ARTICLE III, SECTIONS FOURTEEN AND TWENTY-SIX OF THE MISSISSIPPI CONSTITUTION OF 1890. III. THE COURT BELOW VIOLATED LARRY EDWARDS' RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE III, SECTION TWENTY-EIGHT OF THE MISSISSIPPI CONSTITUTION OF 1890 WHEN IT SENTENCED *593 HIM WITHOUT THE BENEFIT OF A PRESENTENCE REPORT OR ANY INDIVIDUAL CONSIDERATION OF MITIGATING OR OTHER CIRCUMSTANCES, TO TWENTY-FIVE YEARS WITH THE MISSISSIPPI DEPARTMENT OF CORRECTIONS.
IV. IN SENTENCING LARRY EDWARDS TO TWENTY-FIVE YEARS BEFORE AFFORDING HIM HIS RIGHT TO POLL THE JURY, THE COURT COMMITTED REVERSIBLE ERROR.
We have examined Edwards' assignments of error as to both the conviction and sentence and finding them to be without merit, we affirm.

FACTS
On October 28, 1989, at approximately 8:30 p.m., after receiving an informant's tip, Johnny Spand, Sharkey County Deputy Sheriff, Lindsey Adams, Chief of Police of Rolling Fork, and Deputy Sheriff Bill Cooper drove to the Afro Inn, a night spot in Rolling Fork. When they arrived at the scene, darkness had descended; however, with the aid of several street lights in the vicinity, both officers observed a group of individuals standing both on and next to the railroad tracks behind the Afro Inn. Larry Edwards was recognized among the group by Deputy Spand, as he had known Edwards and his family for a number of years. The three officers split up and approached the Afro Inn from separate directions.
Deputy Spand, who was in uniform, announced his presence, identified himself, and approached Edwards instructing him to "Hold it!" Edwards began walking backwards with uplifted hands telling Spand to "Get back." Edwards tried to run, reached into his pocket with his right hand, removed a plastic resealable bag, and threw the bag and its contents over his shoulder. Spand actually observed Edwards reach into his pocket and throw the bag just as he grabbed Edwards' arm. The other individuals at the scene began backing away, and some took off running.
Deputy Spand wrestled Edwards to the ground and restrained him with handcuffs. Edwards immediately stated to Spand: "Okay, Johnny, you got me now. You told me about coming over here selling this stuff." This admission by Edwards was overheard by Deputy Cooper. On cross-examination, Spand was asked, "Do you know why the others took off running when you came up?" Spand replied, "No, sir, I seen them moving away." Spand was also asked "Could it be because you scared them off?" He replied, "Or Larry scared them off because they probably knew he had drugs in his pocket."
The bag tossed by Edwards near the railroad tracks was found by Deputy Spand as the officers searched with the aid of flashlights. The officers testified that the bag, with its contents intact, was found within several minutes of searching and was located approximately five feet away from the place Edwards and Spand had scuffled briefly on the ground. Lab test results showed the bag contained forty-seven individual pieces of crack cocaine, weighing 5.7 grams.
Deputy Bill Cooper, after arrival upon the scene, approached Deputy Spand who had subdued Edwards, and overheard Edwards tell Spand: "Johnny, you got me now. You told me not to bring this stuff back to Sharkey." Cooper told Edwards he did not have to say anything at this time, and Spand read Edwards his constitutional rights.
Lindsey Adams testified that he saw some of the other men at the scene. He stated, "[w]ell, they ran down towards where I was. I halted two more guys, they started off, and I halted them, while I was frisking them, Johnny said, I got the guy here, Lindsey."
Edwards' defense consisted of his testimony and that of three other witnesses on his behalf: William Stewart, Darrell Thomas, and Alex Johnson.
Edwards testified and asserted a general denial in defense of the charge. He denied that he ever possessed the bag containing crack cocaine. Edwards testified that Deputy Spand's testimony was based on a personal *594 vendetta against him. Edwards testified, "Spand has stopped me two or three times, not to mention how many times he's trailed me." When asked whose cocaine was it, Edwards replied, "I haven't any idea. All I know it could have been Deputy Spand's."
Stewart testified he was one of the bystanders. He claimed that Spand came at Edwards from behind grabbing both of Edwards' arms and wrestling him to the ground. Stewart didn't hear Edwards say anything other than, "Why y'all harassing me?" Stewart further testified that it took the officers 20 to 25 minutes to locate the bag of cocaine; that he never saw Edwards in possession of any drugs; and that Edwards "had his hands in his pockets."
Darrell Thomas testified similarly to Stewart, except he stated that Edwards' clothing consisted of a ragged pair of shorts with no pockets.
Alex Johnson testified he had seen Deputy Spand lose a lot of money gambling at the Edwards' cafe. Johnson corroborated the testimony of Edwards that Spand had banished Edwards from the county.
On rebuttal, Deputy Spand testified that he had never lost any money to either Alex Johnson or to Edwards. He also denied having any personal vendetta against Edwards or his family. Spand admitted that on one occasion he had stopped an automobile occupied by Edwards and several others and had searched the auto after observing the vehicle weaving from side to side on the road and viewing open containers of liquor inside the vehicle. He testified that he informed Edwards and the other occupants that he knew they were either using drugs or selling drugs, and that they had better be careful what they did in Sharkey County because they were going to get caught.

DISCUSSION

I.
Edwards contends the lower court erred in allowing the issue of intent to distribute to go to the jury, in that there was insufficient proof, outside his on-the-scene admission, of any intent to distribute in the case, and that the circumstances of his possession of cocaine indicated no more than simple possession. Edwards relies on the rule that the corpus delicti of a crime must be established by independent evidence prior to receiving a defendant's confession into evidence. We must reject this argument, because "much slighter evidence" is required to establish the corpus delicti where, as here, there has been a confession or admission. May v. State, 524 So.2d 957, 966 (Miss. 1988), quoting with approval Buford v. State, 219 Miss. 683, 690, 69 So.2d 826, 830 (1954) In the case at bar, the "slighter evidence" is the 47 individual pieces of crack cocaine  from which a reasonable juror could infer an intent to distribute.
In judging the sufficiency of the evidence on a motion for a directed verdict or request for peremptory instruction, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Clemons v. State, 460 So.2d 835 (Miss. 1984); Forbes v. State, 437 So.2d 59 (Miss. 1983); Bullock v. State, 391 So.2d 601 (Miss. 1980). If, under this standard, sufficient evidence to support the jury's verdict of guilty exists, the motion for a directed verdict and request for peremptory instruction should be overruled. Brown v. State, 556 So.2d 338 (Miss. 1988).
It was not necessary for the State to prove, aliunde the defendant's admission, an intent to distribute beyond a reasonable doubt. "In this situation, the State only need show the corpus delicti, sans [admissions], by a preponderance of the evidence; the [admissions] themselves may be used to raise the proof beyond a reasonable doubt." Bullock v. State, 447 So.2d 1284, 1286 (Miss. 1984).
In May v. State, 524 So.2d at 966, quoting with approval Buford v. State, 219 Miss. at 690, 69 So.2d at 830, we stated:
Where there has been a confession by the accused, much slighter evidence is required to establish the corpus delicti *595 than would be necessary where the state must make out its entire case unaided by such confession. (Citations omitted). The corpus delicti need not be established beyond a reasonable doubt but to a probability, and proof coupled with a confession may be considered as establishing the corpus delicti beyond a reasonable doubt.
Quantity, standing alone, might be insufficient to demonstrate an intent to distribute beyond a reasonable doubt. We find in this instance, the quantity of contraband is sufficient to establish the corpus delicti, thus enabling the State to have the benefit of Edwards' admission in meeting its burden of proof. There exists a reasonable inference that the possession of 47 pieces of "crack cocaine" constitutes 47 individual doses. Together with the flight of the individuals surrounding him at the time of Deputy Spand's arrival, Edwards' possession of 47 doses supplies the "slight evidence" and independent corroborative proof necessary to establish the corpus delicti aliunde the admission. In the presence of deputies Spand and Cooper, Edwards' admission raises the proof of intent to distribute cocaine beyond a reasonable doubt.
In Hicks v. State, 580 So.2d 1302 (Miss. 1991), this Court held that an intent to distribute or dispense a controlled substance may be established by circumstantial evidence. Also, we held in Boches v. State, 506 So.2d 254 (Miss. 1987), that an intent to sell may be demonstrated by establishing possession of a quantity of contraband in excess of that kept for personal use. In this case, the required intent was established by a combination of both direct (Edwards' admission) and circumstantial evidence (the quantity of contraband).
The trial court instructed the jury in Instruction S-4 that they were authorized to find the defendant guilty of the lesser offense of simple possession of cocaine if they failed to find from the evidence beyond a reasonable doubt the defendant intended to distribute that substance to another or to others. The question of intent to distribute or simple possession was put squarely upon the jury as finders of fact, and they decided the issue adversely to the appellant.
This case is distinguished from recent decisions, Jowers v. State, 593 So.2d 46 (Miss. 1992); Stringfield v. State, 588 So.2d 438 (Miss. 1991); and Thomas v. State, 591 So.2d 837 (Miss. 1991), where the Court has found the particular surrounding circumstances to be insufficient to show intent to distribute. Here there was a definite quantity, 47 individual doses of crack cocaine, observed to be thrown from Edwards' person, in the presence of a group of subjects. These individuals broke and ran when the deputy approached and identified himself. The totality of these facts provides sufficient evidence to support a conviction of possession of cocaine with intent to distribute. A case close in facts to the case at bar is Coyne v. State, 484 So.2d 1018 (Miss. 1986), where the defendant possessed 27 small plastic bags of marijuana, a set of scales, a pipe, and a small amount of cash. The case here is much stronger than in Coyne because Spand observed the cocaine being tossed by Edwards and Spand and Cooper who told the jury of the on-the-scene admission by Edwards.
We hold that the quantity of cocaine, coupled with Edwards' admission concerning his involvement in trafficking drugs, was sufficient to prove beyond a reasonable doubt Edwards' possession of cocaine with the intent to distribute.

II.

INEFFECTIVE ASSISTANCE OF COUNSEL
Edwards, on appeal with new counsel, alleges that his trial counsel, Stan Perkins, was ineffective for failure to object to allegedly inadmissible testimony portraying Edwards as a drug dealer. Edwards claims that on four separate occasions his trial counsel was blatantly ineffective.
Edwards initially complains about Deputy Spand's testimony that Spand had been watching Edwards and investigating him because he had been selling drugs throughout Sharkey County. This testimony was elicited by attorney Perkins during Spand's *596 cross-examination when Perkins asked Spand, "Well, what did you arrest him for?"
Edwards next complains of the testimony of Chief Lindsey Adams elicited by the State on direct examination. Adams testified, without objection, that Deputy Spand had requested his presence in Rolling Fork for the purpose of helping Spand "catch this drug dealer."
Edwards' third complaint concerns the rebuttal testimony of Deputy Spand wherein Spand testified, without objection, that he had observed open containers of beer in the car, that after searching the vehicle and observing "paraphernalia," he warned Edwards and other occupants that he knew they were selling drugs and that they had better be careful what they did in Sharkey County because they were going to be caught.
Finally, Edwards complains of his own admission. Deputy Spand on direct examination testified that immediately following appellant's being subdued and arrested Edwards said, "Okay, Johnny you got me now. You told me about coming over here selling this stuff."
In Brooks v. State, 573 So.2d 1350, 1353 (Miss. 1990), the Court held that, "[T]rial counsel is presumed to be competent." An appellant must meet the two prongs set out in the Strickland test to prove ineffectiveness of counsel: that his lawyer's performance was deficient, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 577 So.2d 392 (Miss. 1991); Fisher v. State, 532 So.2d 992, 997 (Miss. 1988). The appellant must maintain the burden on both prongs of the Strickland test. McQuarter v. State, 574 So.2d 685 (Miss. 1990).
There exists in Mississippi the presumptions that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic. Leatherwood v. State, 473 So.2d 964, 969 (Miss. 1985). See also Armstrong v. State, 573 So.2d 1329 (Miss. 1990). In Leatherwood, this Court said, "Courts are also reluctant to infer from silence an absence of [trial] strategy." Id. Courts accord much discretion to attorneys in the area of defense strategy.
After close examination of this issue and the trial record thereon, we conclude that attorney Perkins' failure to object to the testimony in question might reasonably have been trial strategy since from the very moment of opening jury statements, Stan Perkins stated, inter alia, "We will also demonstrate to you that Deputy Spand has a vendetta against the defendant, and we will demonstrate to you that Deputy Spand, prior to this incident, has stopped the defendant and harassed him on the highway and told him not to come back to this county." (Emphasis added). Throughout the trial record we find support for the "vendetta" defense. Edwards claimed that he was being intentionally harassed by Deputy Spand and that the deputy was out to get him. Some of the questions and responses were brought out by defense counsel himself, and this Court cannot say that his failure to object to the testimony complained of on appeal was the product of ineffectiveness of counsel which would meet the deficiency two-prong test of Strickland. Attorney Perkins' silence might reasonably have been a part of Edwards' "vendetta" defense. Objectively viewing the nature of the charges, and the alleged on-the-scene admission and recovery of forty-seven (47) doses of crack cocaine thrown by the defendant, and found five feet away from the scene, the choice of such a trial strategy is certainly not unreasonable.
Another consideration afforded defense counsel Perkins' wide range of reasonable conduct is that he could have concluded any objections to the testimony in question would have magnified the comments to the detriment of his client, thus doing more harm than good. In further allowance of this wide range of reasonable conduct, our Court has opined "defense counsel displayed a sensitive regard for the probability that an objection and admonition would simply have had the effect of reemphasizing *597 to the jury that Buckley had a rap sheet." Buckley v. State, 511 So.2d 1354, 1357 (Miss. 1987).
Edwards clearly has not satisfied the second prong of the Strickland test by failing to demonstrate any prejudice. The requisite showing of prejudice requires that the defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Fisher, 532 So.2d at 997. We find that the eyewitness testimony of Deputy Spand and the testimony of both Spand and Deputy Cooper, regarding the incriminating admission against interest of Edwards, were sufficient to have absolutely sealed his fate with the jury. Edwards' admission to Deputy Spand at the scene was spontaneous and not the product of interrogation. Police officers are under no duty to interrupt a volunteered statement in order to warn an individual of his rights. Nevels v. State, 216 So.2d 529 (Miss. 1968).
"An admission is a statement by the accused, direct or implied, of facts pertinent to the issue and tending, in connection with other facts, to prove his guilt." Reed v. State, 229 Miss. 440, 446, 91 So.2d 269, 272 (Miss. 1956). Spand and Cooper both testified that the statement of Edwards was spontaneous and not the product of questioning. "[A] volunteered statement, voiced without prompting or interrogation, is admissible in evidence if made prior to the [Miranda] warning." Burge v. State, 282 So.2d 223, 226 (Miss. 1973). See also Luster v. State, 515 So.2d 1177, 1179 (Miss. 1987); Dillard v. State, 254 So.2d 887, 889 (Miss. 1971); Spurlin v. State, 218 So.2d 876, 878 (Miss. 1969).
We hold that the jury's verdict of guilt was reliable, that Edwards has failed to demonstrate prejudice with respect to the alleged omissions of his counsel as to the first three supposed errors of said counsel, and that attorney Perkins was not constitutionally ineffective for failing to object to the admission by Edwards at the scene, because the admission was unsolicited, voluntary, and spontaneous and Perkins could have reasonably expected any objection to be futile.

III.

EXCESSIVENESS OF SENTENCE
Edwards contends that his 25 year sentence fit neither the crime nor the offender and constituted a denial of his rights under the United States and Mississippi Constitutions. He asserts that the sentence is both excessive and disproportionate. He is very concerned that he was not afforded the benefit of a presentence report wherein he could have presented mitigating circumstances for the trial judge to consider prior to sentencing.
The State contends that the appellant is procedurally barred from raising this issue on appeal for failure to argue the point before the trial court. We do not agree. The appellant raised the issue in grounds four and five of his motion for a new trial which was overruled by the trial court.
Our Court has long been governed by the established rule that a trial court will not be held in error or held to have abused its discretion if the sentence imposed is within the limits fixed by statute. Johnson v. State, 461 So.2d 1288, 1292 (Miss. 1984), and the cases cited therein. See also Barnwell v. State, 567 So.2d 215, 221 (Miss. 1990) (save for instances where the sentence is "manifestly disproportionate" to the crime committed, extended proportionality analysis is not required by the Eighth Amendment); Reed v. State, 536 So.2d 1336 (Miss. 1988). See also Wallace v. State, 607 So.2d 1184 (Miss. 1992); Fleming v. State, 604 So.2d 280 (Miss. 1992); Corley v. State, 536 So.2d 1314, 1319 (Miss. 1988); Reed v. State, 536 So.2d 1336, 1339 (Miss. 1988).
However, where a sentence is "grossly disproportionate" to the crime committed, the sentence is subject to attack on the ground it violates the Eighth Amendment prohibition of cruel and unusual punishment. Wallace, 607 So.2d at 1188; Fleming, 604 So.2d at 302.
*598 At first glance, a twenty-five (25) year sentence for the crime charged might appear severe, but we do not find it shockingly excessive. Miss. Code Ann. § 41-29-139(b) provides a maximum sentence of not more than thirty years and a fine not to exceed one million dollars. Edwards' sentence was not the maximum which could have been imposed. Possession of cocaine with intent to distribute is a crime of serious proportions.
In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the U.S. Supreme Court articulated a three-pronged test for evaluating proportionality. The elements are: (1) the gravity of the offense and the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case. This Court has adopted the Solem test in several cases. Wallace, 607 So.2d at 1188; Fleming, 604 So.2d at 302-303; Presley v. State, 474 So.2d 612 (Miss. 1985).
The only element raised by Edwards is the first: gravity of the offense and harshness of the penalty. The remaining elements were not raised nor any argument presented for the Court's consideration. Even if we had concluded that Edwards' sentence required further analysis, Edwards has not produced facts either in this Court or in the lower court concerning sentences in this or other jurisdictions. As this Court held in Wallace, "[i]n the complete absence of facts showing that [the appellant's] sentence exceeds others imposed for the same crime in either the same or other jurisdictions, it is impossible for this Court to hold the second and third prongs of the Solem test favor reversal of [the appellant's] sentence." 607 So.2d at 1189.
We conclude that the trial court was not in error and did not abuse its discretion because the sentence imposed was within the limits fixed by statute and not so grossly disproportionate nor shockingly excessive as to warrant its reversal.
Edwards raises objection to the trial judge's failure to order a presentence report thus prohibiting him from offering mitigating circumstances for the Court's consideration prior to imposition of sentence. "The imposition of sentence is in the discretion of the trial judge." Jackson v. State, 551 So.2d 132 (Miss. 1989). Presentence investigations are provided for in Miss. Code Ann. § 47-7-9(3)(a) (Supp. 1990), which indicates that a presentence investigation is required only where the trial court requests it. Roberson v. State, 595 So.2d 1310, 1315 (Miss. 1992). Rule 6.02 of the Uniform Criminal Rules of Circuit Court Practice provides:
Upon acceptance of a plea of guilty, or upon a finding of guilt, and where the court has discretion as to the sentence to be imposed, the court may direct the presentence investigator to make a presentence investigation report.
The rule and the statute clearly establish that the use of presentence investigations and reports is discretionary with the trial judge and is not mandatory. A defendant does not have a right to a presentence investigation. Roberson v. State, 595 So.2d at 1315. See also Katz v. King, 627 F.2d 568, 576 (1st Cir.1980); Johnson v. Thigpen, 449 So.2d 1207, 1209 (Miss. 1984); Coleman v. State, 378 So.2d 640, 647 (Miss. 1979).
If there were any mitigating circumstances, Edwards certainly did not list them in his motion for a new trial filed a week post verdict. The failure to do so certainly dilutes the validity of his complaint.
We find no error involving the imposition and the length of Edwards' sentence.

IV.

POLLING OF THE JURY
The gist of the Edwards' complaint under this issue is the trial court's sentencing of him prior to polling the jury on their verdict was improper. Edwards admits the jury was polled following the pronouncement of its verdict. Edwards, by implication, *599 seems to be concerned that the sentence of 25 years immediately after the reading of the verdict in open court somehow deprived him of any "meaningful" right or opportunity to poll the jury. This argument, although interesting, must be rejected because the jury was in fact polled and no prejudice has been demonstrated.
The purpose of a jury poll "is to give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict, which the foreman has returned and thus to enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented." Miranda v. United States, 255 F.2d 9, 17 (1st Cir.1958).
Our Court has prescribed that the judge should first assemble the jury and inquire if a verdict has been reached; upon affirmation, the judge should inquire if the verdict is the verdict of each member of the jury; again upon affirmation the verdict should be handed to the court so the judge can ascertain whether or not it is in proper form and responsive to the issues; the verdict should then be read to the jury in open court after which the prosecution or the defendant may be asked if either desires a poll of the jury. The poll, if requested, may be taken and thereafter the verdict should be filed with the clerk. State v. Taylor, 544 So.2d 1387, 1389 (Miss. 1989).
In the case sub judice, the record reflects that the jury was polled as soon as a poll was requested by the defendant, and the verdict was unanimous. This Court must presume the jurors answered truthfully when polled individually, even though they were aware at the time of the 25 year sentence imposed upon Edwards. In Archer v. State, 140 Miss. 597, 105 So. 747 (1925), this Court said that the polling of the jury is not a right which is vital. Even assuming that it is vital, Edwards, who received the benefit of the procedure promptly upon request by his counsel, has failed to demonstrate any prejudice.

CONCLUSION
The quantity of cocaine coupled with Edwards' admission concerning his involvement in trafficking drugs was sufficient to prove beyond a reasonable doubt Edwards' possession of cocaine with intent to distribute.
The jury's verdict of guilt was reliable. Edwards has failed to demonstrate prejudice with respect to the alleged omissions of his trial counsel Perkins. Perkins' performance was not constitutionally ineffective for failure to object to the admission by Edwards at the scene because said admission was unsolicited, voluntary and spontaneous and trial counsel could have reasonably expected any objection to be futile.
The trial court did not err and did not abuse its discretion because the sentence imposed was within the limits fixed by statute. The sentence is neither grossly disappropriate nor shockingly excessive.
The imposition of sentence is in the discretion of the trial judge. Miss. Code Ann. § 47-7-9(3)(a) (Supp. 1990) indicates that a presentence investigation is required upon request of the trial court. Rule 6.02 of Uniform Criminal Rules of Circuit Court Practice provides that the court has the discretion of ordering a presentence investigation report. Both the rule and the statute clearly establish that the presentence investigation and the reports are discretionary with the trial judge, not mandatory.
The purpose of the jury poll is for each juror to declare in open court his assent to the verdict which is read in open court to ascertain that the verdict is unanimous. The jury in this case was polled. The court presumes the jurors answered truthfully when polled individually. The polling of the jury is not a right which is vital. Edwards clearly received the benefit of the procedure promptly upon request of his counsel and has wholly failed to demonstrate any prejudice.
Finding no reversible error, we affirm.
CONVICTION OF THE POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY-FIVE *600 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and ROBERTS, JJ., concur.