# IN THE COURT OF APPEALS 01/14/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-01102 COA

**ROBERT BINGHAM A/K/A "SCOOBY DOG"**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JOSEPH H. LOPER JR.

COURT FROM WHICH APPEALED: CHOCTAW COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

KEVIN RAY NULL

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: BILLY L. GORE

DISTRICT ATTORNEY: DOUG EVANS

NATURE OF THE CASE: CRIMINAL: SALE OF COCAINE

TRIAL COURT DISPOSITION: SALE OF COCAINE: SENTENCED TO SERVE A TERM OF 40 YRS IN THE MDOC UNDER THE SENTENCE ENHANCEMENT PROVISION

BEFORE McMILLIN, P.J., KING AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

Robert Bingham was indicted and convicted for the sale of cocaine while in the possession of a firearm. The trial court sentenced Bingham under the "Sentence Enhancement Provision" of the Mississippi Code to serve a term of forty (40) years in the custody of the Mississippi Department of Corrections. The trial court denied Bingham's motions for JNOV or, in the alternative, a new trial, and Bingham now appeals.

FACTS

On April 19, 1995, Marshall Pack, an undercover agent with the Mississippi Bureau of Narcotics, went to the home of Robert Bingham to purchase crack cocaine as part of an undercover operation being conducted by the Mississippi Bureau of Narcotics. Agent Pack arrived at Bingham's home in an "undercover vehicle" being driven by Agent Charles Melvin which was equipped with audio and video equipment. Agent Pack was wearing a body wire during the transaction with Bingham. Agent Pack testified that Bingham sold him twelve (12) pieces of crack cocaine in exchange for two hundred dollars ($200.00) in cash. Agent Pack positively identified Bingham at trial as being the same person that sold him the cocaine on April 19. Agent Pack testified that Bingham was in possession of a firearm at the time of the transaction. The substance purchased by Agent Pack was subsequently sent to the crime lab where it tested positive as crack cocaine. The State offered the testimony of four additional witnesses who corroborated the events testified to by Agent Pack. The State also offered into evidence a video of the transaction taking place. Bingham testified in his own behalf claiming that the substance he sold to Agent Pack was pine sap. The jury returned a verdict of guilty for the sale of cocaine, and the trial court sentenced Bingham to serve a term of forty (40) years. Feeling aggrieved, Bingham appeals on the ground that the trial court erred in failing to grant an entrapment instruction, and on the ground that the sentence of forty (40) years was cruel and unusual thus violating the Eighth Amendment.

ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING BINGHAM'S REQUEST FOR AN ENTRAPMENT INSTRUCTION?

Bingham contends that he was entitled to an entrapment instruction, and that failure of the lower court to grant one constitutes reversible error. Bingham argues that the trial court denied his request for an entrapment instruction because he did not admit to the crime charged. Bingham contends that such denial is contrary to state law. The State responds that the entrapment instruction was denied not because Bingham had denied the charge against him but, rather, because there was not "one whit of evidence from which a reasonable hypothetical juror could have logically and reasonably found that Bingham was entrapped." The State submits that the Mississippi Bureau of Narcotics' agents merely went to Bingham's house and supplied him with an opportunity to sell cocaine.

We agree with Bingham's assertion that an entrapment instruction cannot be denied because a

defendant fails to admit the crime charged. Traditionally, Mississippi had required such an admission as a condition of obtaining the instruction. *Hopson v. State*, 625 So. 2d 395, 399 (Miss. 1993). The Mississippi Supreme Court, however, has abolished this requirement and in so doing has stated that a defendant is not "hereinafter" precluded from "asserting entrapment if he or she denies any or all of the elements of the offense . . . ." *Id.* at 400. In the present case, a review of the record indicates that the instruction was not denied because of Bingham's failure to admit to the crime charged. As the State correctly argues, the instruction was denied because entrapment was not supported by the evidence.

Entrapment is defined as "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." *Id.* at 399; (quoting *Phillips v. State*, 493 So. 2d 350, 354 (Miss. 1986) (quoting *McLemore v. State*, 125 So. 2d 86, 91 (Miss. 1960))). Entrapment is an affirmative defense and must be proved by the defendant. *Id.* (citation omitted). "If the defendant already possessed the criminal intent, and the request or inducement merely gave the defendant the opportunity to commit what he or she was already predisposed to do, entrapment is not a defense. *Id.* (citation omitted). Thus, two requirements must be met to successfully raise entrapment as a defense: (1) "proof of government inducement to commit the criminal act or acts;" and (2) "that the defendant lacks the predisposition to commit the criminal acts." *Hopson*, 625 So. 2d at 400 (citations omitted).

In the present case, we are presented with the question of whether Bingham was entitled to an entrapment instruction. Consistent with the standard of review for the denial of other instructions, the Mississippi Supreme Court requires that, in reviewing whether an entrapment instruction should have been given, the accused "be given the benefit of all doubts about the evidence." *King v. State*, 530 So. 2d 1356, 1359 (Miss. 1988) (citations omitted). An instruction should only be refused when "the evidence is so one-sided that no reasonable juror could find" entrapment. *Id.* A defendant is entitled to have an instruction on his theory of the case submitted to the jury if there is evidence to support it. *See Payton v. State*, 642 So. 2d 1328, 1335-36 (Miss. 1994).

Here, not only was there no evidence to support Bingham's theory of entrapment but Bingham does not even mention entrapment until he requests an entrapment instruction after he has rested his case. Bingham testified in his own behalf and not once was there testimony regarding the possibility of entrapment. Bingham's counsel posed no questions to Bingham or any of the State's witnesses that even slightly alluded to entrapment being an issue in this case. Bingham clearly did not meet his burden of proof in support of an entrapment instruction. A review of the record reflects that Bingham took the initiative, as well as the $200.00, and supplied the undercover agent with crack cocaine after retrieving the contraband from inside his house. Furthermore, the testimony from Agent Pack as well as from Bingham revealed that Bingham told Pack that he could get whatever Pack needed because he did not ever run out of dope. There seems to be no doubt from the facts developed in the record that Bingham already possessed the criminal intent to sell cocaine, and that the request by Agent Pack to sell Pack cocaine merely gave Bingham the opportunity to do that which he was already predisposed to do. As such, we find Bingham's argument to be without merit and therefore affirm the trial court's denial of an entrapment instruction.

## II. DID THE TRIAL COURT'S ENHANCED SENTENCE OF FORTY (40) YEARS VIOLATE BINGHAM'S EIGHTH AMENDMENT RIGHT AGAINST CRUEL AND

UNUSUAL PUNISHMENT?

Bingham contends that his forty (40) year sentence is disproportionate to the offense and excessive under the circumstances. Bingham compares his case to *Hopson v. State* in which the court sentenced the defendant to thirty (30) years for the offense of possession of cocaine with the intent to deliver. *Hopson v. State,* 625 So. 2d 395, 405 (Miss. 1993). Bingham argues that Hopson was found to be in possession of sixteen (16) ounces of cocaine worth $100,000.00 while he [Bingham] only had 1.18 grams worth $200.00. Bingham contends that, in looking at his case and that of *Hopson,* his sentence was clearly disproportionate. Bingham argues further that his case did not involve an act of violence, nor were there allegations that Bingham was a major drug trafficker as was the case in *Hopson*.

Bingham also contends that his lengthy sentence was given because he decided to exercise his constitutional right to a trial instead of accepting a plea bargain. Bingham argues that impropriety is evident by the fact that the trial judge was aware that a plea bargain of fifteen (15) years was offered and denied, and that the sentence imposed in this case is almost three (3) times the sentence offered in the State's plea bargain. Bingham states that "[g]iven the disparity in the offer and the resulting sentence, the inference may be made that Bingham received this sentence as punishment for exercising his right to a trial."

The State responds that the sentence was not disproportionate as it fell well within the limits prescribed by statute for delivery of cocaine and possession of a firearm. The State also states that there is no basis on which to infer that the sentence was a result of Bingham's refusal to plead guilty. We agree.

The Mississippi Code provides that the maximum penalty for the sale of cocaine is thirty (30) years incarceration and a fine of one million dollars ($1,000,000.00). Miss. Code Ann. § 41-29-139(b)(1) (1972). Additionally, the Mississippi Code contains a sentence enhancement provision in which a person possessing a firearm either at the time of the offense or at the time of arrest may be punished by a term of imprisonment twice that authorized by section 41-29-139. Miss. Code Ann. § 41-29-152 (Supp. 1996). The Mississippi Supreme Court has long held that "a trial court will not be held in error or held to have abused its discretion if the sentence imposed is within the limits fixed by statute." *Edwards v. State*, 615 So. 2d 590, 597 (Miss. 1993) (citing *Johnson v. State*, 461 So. 2d 1288, 1292 (Miss. 1984)); *see also Barnwell v. State*, 567 So. 2d 215, 221 (Miss. 1990) (save for instances where the sentence is "manifestly disproportionate" to the crime committed, extended proportionality analysis is not required by the Eighth Amendment); *Corley v. State*, 536 So. 2d 1314, 1319 (Miss. 1988); *Reed v. State*, 536 So. 2d 1336, 1339 (Miss. 1988).

However, where a sentence is "grossly disproportionate" to the crime committed, the sentence is subject to attack on the ground it violates the Eighth Amendment prohibition of cruel and unusual punishment. *Edwards,* 615 So. 2d at 598 (citing *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992); *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992)). In determining proportionality, the Mississippi Supreme Court has followed the three-prong test set forth in *Solem v. Helm*, 463 U.S. 277 (1983). *Edwards v. State*, 615 So. 2d 590, 598 (Miss. 1993). "The elements are: (1) the gravity of the offense and the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and (3) comparison of sentences imposed in

other jurisdictions for commission of the same crime with the sentence imposed in this case." *Id.* Applying the facts of this case to the criteria outlined in *Solem*, Bingham's sentence is not disproportionate to the offense he was found guilty of committing. First, the offense of sale of cocaine is serious especially in light of the fact that Bingham was in possession of a firearm at the time of the transaction. Although Bingham denied having a gun when he sold Agent Pack the cocaine, we are satisfied with the testimony presented by the State that both Agent Pack and Agent Holland saw the gun in Bingham's back pocket when the transaction occurred. The State's case is strengthened further by the testimony of Sheriff Hutchinson that Bingham is known to have possessed a similar weapon on previous occasions. Also, the maximum penalty that could have been imposed in this case was sixty (60) years. Bingham received forty (40) years which is two-thirds of the maximum he could have received.

Secondly, Bingham's comparison to the sentence imposed in *Hopson* is not persuasive. Granted, Hopson possessed significantly more cocaine than did Bingham, however, Hopson did not fall under the enhancement statute as did Bingham. Other than *Hopson*, Bingham offers no other arguments that his sentence is not in line with sentences imposed for the same crime on other criminals in this jurisdiction. Also, Bingham makes no argument that his sentence is not in line with sentences imposed for the same crime in other jurisdictions. The Mississippi Supreme Court has held that "[i]n the complete absence of facts showing that [the appellant's] sentence exceeds others imposed for the same crime in either the same or other jurisdictions, it is impossible for this Court to hold the second and third prongs of the Solem test favor reversal of [the Appellant's] sentence." *Id.* (quoting *Wallace v. State*, 607 So. 2d 1184, 1189 (Miss. 1992)).

As to Bingham's allegation that his sentence was increased due to his denial of the plea bargain, we find no evidence to warrant such a conclusion. The fact that the sentence imposed was greater than the sentence initially offered by the State, and the fact that the trial judge was aware that Bingham turned down the fifteen year plea bargain is not conclusive of Bingham's allegation that he is being punished for exercising his right to trial. *Johnson v. State*, 666 So. 2d 784, 797 (Miss. 1995). In *Johnson*, the Mississippi Supreme Court held:

> A heavier sentence will not be an abuse of discretion and does not violate any right of the defendant "[w]here a lenient sentence is proposed in pretrial plea bargain negotiations, and where after rejecting same defendant is found guilty by a jury, and where before imposition of sentence the Circuit Judge is presented with evidence of aggravating circumstances relevant to sentencing not known to him at the time of the original plea bargain negotiations, and where in fact the Circuit Judge imposes a heavier sentence than was proposed at the time of plea bargain and in fact bases imposition of the heavier sentence upon the information of aggravating circumstances of which he has been newly made aware, and where the heavier sentence has not been imposed upon the accused in whole or in part as a
>
> penalty for his exercise of his constitutional right to trial by jury."

*Id.* at 796 (quoting *Pearson v. State*, 428 So. 2d 1361, 1365 (Miss.1983)). There is absolutely nothing in the record which reflects that the court was involved in the plea negotiations between the

Appellant and the State, or that the court imposed a heavier sentence because the Appellant exercised his right to a constitutional trial. The court was merely following the dictates of sections 41-29-139(b)(1) and 41-29-152 of the Mississippi Code which provides that a person convicted for the sale of cocaine while in possession of a firearm may be sentenced to serve a maximum term of imprisonment of sixty (60) years. Miss. Code Ann. §§ 41-29-139(b)(1), -152 (1972 & Rev. 1994). We therefore find that the court had legitimate reason to sentence Bingham to serve a term of forty (40) years.

We conclude that the trial court was not in error and did not abuse its discretion because the sentence imposed was within the limits fixed by statute and not so grossly disproportionate nor shockingly excessive as to warrant its reversal.

**THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY OF CONVICTION OF SALE OF COCAINE WHILE IN POSSESSION OF A FIREARM AND ENHANCED SENTENCE OF FORTY (40) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CHOCTAW COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND SOUTHWICK, JJ., CONCUR.**