# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-KA-00731-SCT

*JAMES T. N. GIBBY a/k/a JAMES TRAVIS NEWTON GIBBY a/k/a JAMES T. GIBBY a/k/a JAMES N. GIBBY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/97 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VELDORE F. YOUNG |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 3/18/99 |
| MOTION FOR REHEARING FILED: Denied 08/12/1999 | 4/1/99 |
| MANDATE ISSUED: 08/19/1999 | |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. We have for review an armed robbery conviction. We find that the evidence was not sufficient to support the armed robbery conviction, but was sufficient to support a conviction on the lesser included offense of simple robbery. Accordingly, we reverse and remand.

## I.

¶2. On September 23, 1995, Gibby and another man, Casey Welford (now deceased), went to Johnson Dodge automobile dealership in Meridian, Mississippi. The men feigned interest in purchasing a truck and Randy Shelton, a salesman for Johnson Dodge, went on a demonstration ride with the men. Welford drove, Gibby sat in the backseat, and Shelton sat in the front passenger seat.

¶3. The three men drove south on Highway 19 and eventually turned the truck around and headed back toward Meridian. They turned onto Azalea Drive, and Welford stopped the truck. Gibby told Shelton to

get out of the truck. Shelton asked, "Sir?" Gibby leaned forward and poked something hard through his jacket pocket into Shelton's ribs. Gibby, more aggressively this time, told Shelton to get out of the truck.

¶4. Shelton assumed that the hard object which he could not see was a gun, and he got out of the truck. He testified that he was in shock. Gibby and Welford drove away in the truck.

## II.

¶5. Gibby raises the issue of whether the evidence submitted by the state is sufficient to sustain the conviction of armed robbery. In order to secure a conviction of armed robbery under § 97-3-79 of the Mississippi Code, the state must prove that the accused took the personal property of another against his will and "by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon. . . ." Miss. Code Ann. § 97-3-79. In the case *sub judice*, Gibby attacks the jury's decision that he "exhibited a deadly weapon." Gibby points to the witnesses' testimonies and notes that there is a conflict over whether a gun was present. This Court must examine the conviction of armed robbery to determine if the state met its burden under the statute.

¶6. The standard of review is well established. *See **Jones v. State***, 669 So. 2d 1383 (Miss. 1995); ***McClain v. State***, 625 So. 2d 774 (Miss. 1993); ***Benson v. State***, 551 So. 2d 188 (Miss. 1989). Evidence is examined in a light most favorable to the state. ***Jones***, 669 So. 2d at 1388. All credible evidence found consistent with defendant's guilt must be accepted as true. *Id*. The prosecution is allowed the benefit of sound and reasonable inferences drawn from the evidence. *Id*; ***Edwards v. State***, 615 So. 2d 590, 594 (Miss. 1993). This Court may only reverse a jury's conviction for insufficient evidence where the evidence viewed in the light most favorable to the prosecution is such that a fair and reasonable jury could not find the defendant guilty. *See **Jones***, 669 So. 2d at 1388. To utilize a "less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." ***Malone v. State***, 486 So. 2d 360, 366 (Miss. 1986).

¶7. In ***Hughey v. State***, this Court held that there was sufficient evidence from reasonable inferences drawn by the jury to determine that the defendant exhibited a gun during a robbery. 512 So. 2d 4, 6 (Miss. 1987). However, ***Hughey*** is readily distinguished from this case. The witness/victim in ***Hughey*** actually saw the imprint of a gun and, immediately after the robbery, the defendant himself told another witness that he had done the robbery and that he had a gun. ***Id.*** at 5. The defendant was later apprehended in possession of a gun. ***Id.*** During the robbery, Hughey and another of the participants in the robbery threaten to shoot the victims. ***Id.***

¶8. Here, there is no suggestion that Gibby ever had a gun. No imprint of a gun was seen. He did not say to anyone, before or after, that he had a gun. He did not threaten to shoot anyone. We have only the complaining witness's "assumption" that there was some kind of gun. While this "assumption" speaks eloquently to the factor of justifiable fear, it is not evidence that a gun was in fact present. The visible imprint of a gun and the admission that there was a gun, as seen in ***Hughey***, are a far cry from an assumption. Assumptions are not evidence and cannot support a conviction on any standard, let alone beyond a reasonable doubt.

¶9. Because there was no evidence that Gibby possessed or exhibited a deadly weapon, the conviction for armed robbery must fail. Gibby is amenable to conviction for simple robbery only. Miss. Code Ann. § 97-3-73 (Rev. 1994). That offense does not require that a deadly weapon be exhibited. *Id*. It requires only

that the victim be put in fear of harm. *Id.* A lesser included offense instruction for simple robbery was submitted to the jury without objection.

## III.

¶10. For these reasons, we reverse the judgment below and remand this case for sentencing on the lesser included offense of simple robbery.

¶11. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH AND WALLER, JJ.**

**MILLS, JUSTICE, DISSENTING:**

¶12. The present case concerns whether Gibby "exhibited" a deadly weapon in accordance with the language of the armed robbery statute. Miss. Code Ann. § 97-3-79 (Rev. 1994). The jury found that the State had adequately proven "exhibition" of a deadly weapon and consequently returned a verdict of guilty. The jury verdict should stand.

¶13. *Hughey v. State*[1] stands for the proposition that whether or not the accused "exhibited" a deadly weapon, thus raising the crime to the level of armed robbery rather than simple robbery, is a question of fact for the jury to decide. It is not our responsibility to substitute our determination of facts considered by a properly instructed jury. *See Hughey v. State*, 512 So. 2d 4, 6 (Miss. 1987). Neither the victim in *Hughey* nor the victim in the instant case *actually saw* the weapon used by the accused. However, if the "assumption" that the object under Hughey's shirt was a gun was sufficient to present a jury question, so should the "assumption" that the hard object being thrust by Gibby into Randy Shelton's ribs was a gun be sufficient to hand the question of "exhibition" to the jury.

¶14. The statute defining simple robbery only requires that, at a minimum, the victim be put "in fear of some immediate injury to his person." Miss. Code Ann. § 97-3-73 (Rev. 1994). Such fear is heightened when a deadly weapon is involved. Thus, the Legislature increased the punishment to be imposed upon those who use deadly weapons to rob. The "exhibition" of that weapon should not be limited to *full sight* of the weapon by the victim. Such a judicial limitation could preclude a blind person from bringing charges for armed robbery. After all, it is only possible for a blind person to "assume" the presence of a deadly weapon if the proof is limited to the optical senses.

¶15. Today's holding not only invades the factual province of the jury but gives criminals a "heads up" to avoid heightened punishment for armed robbery by concealing their weapons under some piece of fabric when committing armed robbery. The level of proof imposed by the majority is simply too stringent. For these reasons, I respectfully dissent.

**SMITH AND WALLER, JJ., JOIN THIS OPINION.**

1. In *Hughey*, an object which remained under the shirt of the accused but was described by the victim at trial as looking like the "prints of a gun" under the shirt was found sufficient to present a jury question as to whether the accused "exhibited" a deadly weapon. 512 So.2d at 6.