MYERS, J,
for the Court:
¶ 1. Christopher Newson entered a plea of guilty to the charge of armed robbery and was sentenced to a term of twenty years, six years to serve with fourteen years suspended, in the custody of the Mississippi Department of Corrections. Aggrieved, Newson filed a motion to clarify sentence, which the circuit court denied. Newson then appealed this decision to the Mississippi Supreme Court, which denied relief. Newson now appeals his conviction, charging that he received ineffective assistance of counsel. Finding no error, we affirm.
I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL LED APPELLANT TO BELIEVE HE COULD RECEIVE GOOD TIME ON SENTENCE.
¶ 2. Newson claims that his attorney led him to believe that he could receive “good time” under his plea agreement. His attorney’s representation, he claims, coaxed him into entering a plea of guilty. New-son asserts that this inducement prevented him from making a knowing, intelligent, and voluntary plea and that such inducement amounted to ineffective assistance of counsel. Because Newson has previously attempted a challenge to his sentencing in the case sub judice, he is procedurally barred from raising this second post-conviction appeal. See Miss.Code Ann. § 99-39-23(b) (Rev.2000). Notwithstanding any such bar to Newson’s claim, we will now address the merits
ANALYSIS
¶ 3. When the issue of ineffective assistance of counsel is raised on appeal, a presumption arises that defense counsel was competent. Edwards v. State, 615 So.2d 590, 596 (Miss.1993). In order for an appellant to succeed on a claim of ineffective assistance of counsel, he must prove that his counsel’s overall performance was (1) deficient and that (2) his defense was prejudiced by his attorney’s inadequate performance. Cole, 666 So.2d at 775 (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); Edwards, 615 So.2d at 596. *377 Whether the prongs of this test are met is determined by an examination of the totality of the circumstances. Cole, 666 So.2d at 775.
¶ 4. Newson directs this Court’s attention to a letter in the record written to him by his trial counsel. In this letter, his trial counsel states that she informed New-son that she could make no guarantees regarding sentencing and that it was “strictly within the discretion of the Department of Corrections.” While that statement that the Department of Corrections maintained discretion is inaccurate, it cannot be read to have misled Newson. The fact of the matter is that discretion in sentencing rested entirely with the judge, and Newson was made well aware of this. During Newson’s plea hearing, the trial judge questioned Newson extensively regarding his decision to enter a plea of guilty. Newson indicated that nobody had promised him any leniency from the judge in order to induce him to plead guilty. He also stated that he had read and fully understood his petition to enter plea of guilty. Throughout the trial judge’s examination, Newson continually maintained that he understood that although the minimum mandatory sentence for the charge was three years, he was not guaranteed any particular sentence by pleading guilty.
¶ 5. Considering the totality of the circumstances, the performance of Newson’s trial counsel was not deficient, nor did it prejudice Newson’s case in any way. Newson’s plea was entered knowingly, intelligently, and voluntarily. There is, therefore, no merit to this assignment of error.
¶ 6. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.