536 So.2d 1314 (1988)
Joseph F. CORLEY
v.
STATE of Mississippi.
No. 57,725.
Supreme Court of Mississippi.
December 14, 1988.
Thomas D. Kirschten, Carrollton, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen., by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
*1315 Before DAN M. LEE, P.J., and ANDERSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:

STATEMENT OF THE CASE
The appellant, Joseph F. Corley, was tried in Carroll County Circuit Court on a charge of escaping from jail while confined on a misdemeanor conviction. He was convicted of jail escape and sentenced to one year in the Carroll County Jail. From that conviction and sentence, Corley appeals. We affirm.

FACTS
Joseph F. Corley was arrested on September 28, 1985, in Carroll County, Mississippi, and incarcerated in the Carroll County jail on two counts of contempt of court. The contempt convictions arose out of Corley's failure to pay fines imposed for prior misdemeanor convictions of joyriding and driving while under suspension for DUI. (An affidavit was also sworn against Corley by Deputy Sheriff Donald Gray on a charge of simple assault allegedly occurring the date of the arrest. However, no arrest warrant was issued on the assault charge, and the mittimus issued to the jailer referred only to the contempt charges and the underlying misdemeanor offenses.)
During the nighttime hours of October 3, 1985, or the early morning hours of October 4, 1985, Corley and two other prisoners escaped from the jail. Corley was picked up at his residence in Greenwood the morning of October 4, 1985, by officers from the Leflore County Sheriff's Office. He was turned over to Carroll County Deputy Sheriff R.W. Miller and returned to the Carroll County jail that same day.
On December 10, 1985, Corley and the other two escapees were jointly indicted under Miss. Code Ann. § 97-9-49 (Supp. 1985) on a charge of felonious escape from lawful confinement in the Carroll County Jail. The indictment stated that the three defendants' confinement was "by virtue of an arrest on a charge of felony." The following day, December 11, 1985, attorney Thomas D. Kirschten was appointed by the Circuit Court of Carroll County to represent Corley on the escape charge. Kirschten thereupon filed a motion for a continuance of the cause against Corley, stating that he needed additional time to prepare for trial. On December 13, 1985, the trial judge granted this motion, continuing the cause "pending further order of this Court."
On June 9, 1986, Corley, through his appointed counsel, moved to quash the indictment against him on the grounds, inter alia, that it charged Corley with felonious escape when he was in fact incarcerated on misdemeanor charges at the time of the escape. (If Corley's confinement had been based on a felony charge or conviction, the maximum allowable sentence for conviction of the escape charge would be five years; if it were based on a misdemeanor charge or conviction, the maximum allowable sentence for conviction of escape would be one year. Miss. Code Ann. § 97-9-49 (Supp. 1985)). The trial judge denied the motion to quash the indictment, but did order that all reference to the term "felony" be struck from the indictment, wherein it pertained to Corley.
Corley was tried on June 13, 1986, on a charge of "escape from lawful confinement in the Carroll County jail, said confinement being by virtue of an arrest on a charge of a misdemeanor." He was convicted and sentenced to serve a term of one year in the Carroll County Jail. From that conviction and sentence, Corley appeals, claiming five assignments of error.

I. IMPROPER VOIR DIRE
Corley claims that the voir dire of the jury panel was improper in that the trial judge referred to Corley's escape as a felonious escape, and also because the prosecutor used voir dire as a vehicle for an opening statement instead of limiting it to its appropriate use.
In his remarks to the jury during voir dire, the trial judge stated: "It is charged that on or about October 3rd, 1985, that Joseph F. Corley ... did wilfully, unlawfully, forcibly and feloniously escape unlawful confinement in the Carroll County Jail *1316 at Carrollton, Mississippi." (Emphasis added). Defense counsel made no objection to the judge's remarks. Later, during the State's voir dire examination of the jury, the prosecutor engaged in a discourse to the jury concerning the burden of proof in a criminal case. During this time, he repeatedly used the word "criminal." Defense counsel objected to the prosecutor's remarks on the grounds that they constituted a pre-trial statement and were not voir dire examination. This objection was overruled. Corley contends that the cumulative effect of the judge's error and the improper use of voir dire effectively prejudiced the jury against the defendant "by making it appear that he was a heinous criminal... ."
Since Corley failed to object to the judge's remarks made during voir dire, this aspect of Corley's assignment of error is procedurally barred. Myers v. State, 268 So.2d 353, 356 (Miss. 1972) ("Under our system of jurisprudence, contemporaneous objection is necessary in order to preserve the right to raise a point on appeal."). As for the prosecutor's remarks, this Court has held that a trial court has considerable discretion in regard to the questions permitted on voir dire examination. Myers v. State, 268 So.2d 353, 355 (Miss. 1972); McDonald v. State, 218 So.2d 21, 23 (Miss. 1969). Furthermore, it is impossible to see how allowing the prosecutor's remarks to be made during voir dire could have prejudiced the defendant, since the prosecutor could have made those same remarks during his opening statement, had the judge sustained the defendant's objection. If there was error in the trial judge's denial of the defendant's objection, then it was certainly harmless error.

II. IMPROPER INDICTMENT
Corley claims that the indictment against him should have been quashed because it charged that the jail escape occurred on October 3, 1985, instead of October 4, 1985. (The precise time of the escape is not reflected in the record, but Corley claims that it occurred at about 2:00 a.m. on October 4th.) See Rule 2.05(5), Uniform Criminal Rules of Circuit Court Practice ("Failure to state the correct date shall not render the indictment insufficient."). There is absolutely no merit to this claim.
Corley also claims that the indictment should have been quashed because it improperly charged him with felonious escape. Even though the trial court amended the indictment to delete any reference to the term "felony" in respect to Corley's escape, Corley alleges that the court's reference during voir dire to the charge as being felonious rendered the indictment faulty. This point has already been addressed under Assignment I, where it was noted that Corley failed to contemporaneously object to the judge's remarks. He cannot raise this point on appeal.

III. INEFFECTIVE COUNSEL
Corley claims that the delay of over two months from the time of his capture to the time counsel was appointed materially reduced the effectiveness of his counsel. He does not claim that he was without counsel at any "critical stage" of the proceedings against him. Indeed, counsel was appointed for him the day following his indictment. He claims only that the two months' delay "precluded counsel from being able to interview witnesses and obtain contemporaneous statements from the knowledgeable parties" and "prevented counsel from being able to ascertain the actual date of the alleged crime [and] determine the actual cell assignments and dates of various placements, all of which limited effective defense."
Corley's argument, insofar as it relates to the right to counsel granted by the Sixth Amendment of the United States Constitution, is defeated by the holding of United States v. Gouveia, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984). In Gouveia, the defendants, inmates in a federal prison, were placed in administrative detention as suspects in the murder of a fellow inmate. The defendants remained in detention for approximately 19 months without appointed counsel before they were finally indicted for the murder. Only when the defendants *1317 were arraigned in federal court, about a month after their indictment, was counsel appointed to represent them. The defendants claimed that their confinement without appointment of counsel violated their Sixth Amendment right to counsel. The Supreme Court held that the defendants were not entitled to the appointment of counsel while they were in administrative detention and before adversary judicial proceedings had been initiated against them. The High Court addressed the possibility that in such a situation the government's delay in initiating formal charges and the concomitant delay in appointment of counsel might adversely affect the defense of the accused. According to the Court, the fact that "witnesses' memories could have dimmed, alibi witnesses could have been transferred to other facilities, and physical evidence could have deteriorated" is not a concern reached by the Sixth Amendment right to counsel. Id. 467 U.S. at 191, 104 S.Ct. at 2299. The Court stated further:
[W]e reaffirm that the mere "possibility of prejudice [to a defendant resulting from the passage of time] .. . is not itself sufficient reason to wrench the Sixth Amendment from its proper context." United States v. Marion, [404 U.S. 307, 321-22, 92 S.Ct. 455, 463-464, 30 L.Ed.2d 468 (1971)]... . Of course, both inside and outside the prison, it may well be true that in some cases preindictment investigation could help a defendant prepare a better defense. But, as we have noted, our cases have never suggested that the purpose of the right to counsel is to provide a defendant with a preindictment private investigator, and we see no reason to adopt that novel interpretation of the right to counsel in this case.
Gouveia, 467 U.S. at 191, 104 S.Ct. at 2299.
The application of Gouveia does not completely dispose of the issue before this Court, however. That is because the right to counsel attaches, under Mississippi law, once the accused is in custody and has become an accused  an earlier stage than that at which it attaches under the Sixth Amendment to the United States Constitution.[1]See Nicholson v. State, 523 So.2d 68, 76-77 (Miss. 1988); Williamson v. State, 512 So.2d 868, 876 (Miss. 1987); Page v. State, 495 So.2d 436, 439 (Miss. 1986).
It is not clear from the record in the instant case whether the proceedings against the defendant Corley in regard to the jail escape had reached even the accusatory stage before his indictment. Nor does the fact of Corley's confinement following his capture offer any illuminating evidence. Indeed, upon his return to the Carroll County Jail, Corley was being lawfully held on the original contempt charges, independent of any charges that may have been filed in connection with the escape. But even where the right to counsel has attached and counsel has been denied, "the defendant must show some adverse effect upon his or her ability to conduct a defense before denial of the right [to counsel] constitutes reversible error." Williamson, 512 So.2d at 876. It is impossible to see how Corley's defense was adversely affected by the two months' delay in the appointment of counsel, if, in fact, there was such a delay. First of all, Corley's court-appointed attorney was successful in getting Corley's trial continued to a later date. This continuance ultimately gave counsel a full six months in which to prepare for trial. Second, Corley's defense was already fatally flawed by the time he was returned to jail on October 4, 1985. Corley's defense was that of necessity. He claimed that he escaped because the jailer had pulled a gun on him, causing him to fear for his life. But Corley effectively waived that defense by failing to turn himself in to authorities after his escape from the alleged danger. According to Corley's own testimony, he intended to stay out of jail "[a]s long as I could, I reckon." In Matthews v. State, 288 So.2d 712, 714 (Miss. 1974), this Court stated:
[S]ince the doctrine of escape because of necessity is based upon intent  that is to *1318 say, whether or not the prisoner intended to escape lawful imprisonment, or intended to escape an impending danger  the failure of a prisoner to immediately return to lawful custody after the impending danger has been avoided, is within itself an escape and prevents a defense of escape because of necessity. Prisoners who are being threatened should not take the law into their hands, but should communicate their fears to the prison superintendent, who in turn should keep the lines of communication open to receive such information.
(Emphasis added). Corley testified that he had talked with Sheriff C.D. Whitfield, who came to the jail on October 3rd at approximately 5:00 p.m. Corley stated, however, that he did not tell Sheriff Whitfield about his problem with Deputy Carver because "when you talk to somebody about something like that you don't talk in front of everybody... ." Yet he admitted that he made no effort to contact Sheriff Whitfield after his escape.
We hold that where it is the threats of prison or jail officials which precipitate a prisoner's escape, Matthews does not require the prisoner to return to the custody of the official making the threats, in order to preserve the defense of necessity. But there are numerous law enforcement or other governmental agencies to whom a prisoner might safely report and from whom he could receive assistance in resolving his dangerous situation. We find in the case sub judice that because the appellant made no effort whatsoever to communicate with anyone in authority about his alleged predicament, even though he had ample opportunity to do so, he did, in fact, waive the defense of necessity.
Corley also claims that the failure of the trial court to quash his indictment destroyed his confidence in his court-appointed attorney and that this lack of confidence prevented effective communication between him and his attorney, thereby impairing counsel's effectiveness. Corley does not allege that his court-appointed attorney's performance was deficient, but he claims that "the Court's failure to wholly quash the indictment destroyed Appellant's confidence and resulted in the destruction of co-operation... ." This point is summarily resolved by the following language, quoted by this Court in Evans v. State, 273 So.2d 495 (Miss. 1973):
A defendant cannot base a claim of inadequate representation upon his refusal to cooperate with appointed counsel. Such a doctrine would lead to absurd results.
273 So.2d at 498 (quoting Shaw v. United States, 403 F.2d 528, 529 (8th Cir.1968)).

IV. IMPROPER RESTRAINTS ON DEVELOPMENT AND INSTRUCTION ON THE DEFENSE OF NECESSITY
Corley first contends that the trial court erred in not allowing his counsel to cross-examine Deputy William Carver, the Carroll County Jailer, in regard to alleged threats made against the defendant subsequent to Corley's escape. The trial judge had sustained the State's objection to this line of questioning on the grounds that the jailer's conduct after Corley's escape was irrelevant to the issue of Corley's state of mind at the time of his escape. Corley claims that his inability to cross-examine Carver on this matter severely impaired his defense. There is simply no merit to Corley's argument. What happened after Corley's escape cannot possibly be relevant to the determination of Corley's intent at the time of his escape.
This Court has stated repeatedly that a trial judge has considerable discretion in determining the admissibility of evidence, and unless that discretion is so abused as to be prejudicial to the accused, the judge's ruling will not be disturbed on appeal. Burt v. State, 493 So.2d 1325, 1326 (Miss. 1986); Johnson v. State, 476 So.2d 1195, 1207 (Miss. 1985). In the instant case, there was no prejudice to the defendant because of the judge's ruling.
Corley also claims that the trial judge erred in refusing a jury instruction defining the distinction between "intention to escape lawful imprisonment" and "intention to escape an impending danger." Although Corley's instruction was refused, the trial court gave its own instruction *1319 regarding the defense of necessity, as follows:
The Defendant has raised the defense of escape because of necessity. To constitute such a defense, there must be (1) immediate threat of serious bodily harm to prisoner; (2) prisoner has no time in which to make complaint to authorities about his danger; (3) force or violence is not used in escape; and (4) prisoner must intend to report immediately to proper authorities when he attains position of safety.
If you find this has been an escape by necessity, then you should find the Defendant not guilty.
Corley was allowed to present his defense of escape because of necessity. The trial court instructed the jury on that defense. In light of Corley's testimony that he intended to stay out of jail "[a]s long as I could, I reckon," the jury was justified in rejecting Corley's asserted defense. There is no merit to this assignment of error.

V. EXCESSIVE SENTENCE
Section 97-9-49(1) of the Mississippi Code (Supp. 1985 and 1987) provides for a maximum penalty of one year where a defendant is convicted of escaping from jail when his confinement was based on a misdemeanor. Corley received the maximum sentence under this statute. He contends that the sentence was excessive for three reasons: 1) the maximum sentence should be reserved for extreme situations; 2) the trial judge's awareness that a charge of simple assault on a police officer had been levied against Corley affected the court's sentence; and 3) in his pre-sentencing report to the court, the prosecutor made improper comments which affected the court's sentence.
It is well settled in this State that the imposition of sentence in a criminal proceeding is within the sole discretion of the trial judge, and that this Court will not reverse a sentence where it is within the limits prescribed by statute. Johnson v. State, 461 So.2d 1288, 1292 (Miss. 1984); Contreras v. State, 445 So.2d 543, 546 (Miss. 1984); Bracy v. State, 396 So.2d 632, 636 (Miss. 1981). There is no merit to this assignment of error.
For the reasons stated above, we find no reversible error in the proceedings of the trial court, and the judgment of the trial court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The correct reading of federal law is that the Sixth Amendment right to counsel attaches in a state criminal prosecution whenever under state law the criminal process is deemed begun. See, e.g., Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972).