# IN THE COURT OF APPEALS 12/17/96

## OF THE

## STATE OF MISSISSIPPI

### NO. 94-KA-00271 COA

**BILLY RAY BARRETT**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. LARRY EUGENE ROBERTS

COURT FROM WHICH APPEALED: CLARKE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DAVID A. STEPHENSON

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JOLENE M. LOWRY

DISTRICT ATTORNEY: BILBO MITCHELL

NATURE OF THE CASE: UTTERING A FORGERY

TRIAL COURT DISPOSITION: CT I UTTERING FORGERY: SENTENCED TO 15 YRS IN THE MDOC AS A HABITUAL OFFENDER; CT II UTTERING FORGERY SENTENCED TO 15 YRS IN MDOC AS A HABITUAL OFFENDER; CT III UTTERING FORGERY: SENTENCED TO 15 YRS IN MDOC

BEFORE BRIDGES, P.J., KING, AND PAYNE, JJ.

BRIDGES, P.J., FOR THE COURT:

Billy Ray Barrett was convicted in the Clarke County Circuit Court on three counts of uttering a forgery involving three counter checks. Barrett was sentenced to fifteen years on each count, with counts two and three to run concurrently. Aggrieved by this judgment, Barrett appeals arguing:

(1) the court erred in granting certain jury instructions; (2) the State failed to prove the specific element of intent to defraud; and (3) the sentence Barrett was given constituted cruel and unusual punishment.

                                              FACTS

Billy Ray Barrett was indicted and convicted as a habitual offender on three counts of uttering a forgery in violation of section 97-21-59. His two prior convictions for uttering a forgery occurred in 1983, when he was sentenced to serve twelve years, and in 1980 when he was sentenced to serve two years.

With regard to the present conviction, Barrett obtained three counter checks from Citizens National Bank and attempted to cash them in the amounts of $60.00 and $100.00. He signed the checks using the name Andy Kersh, and explained that he worked for Mr. Kersh, and that the check was payment on account. He further informed the cashiers that he did not know why the check was a counter check, but that Mr. Kersh had told him that he had run out of checks.

                        ISSUES AND DISCUSSION OF THE LAW

        I. WHETHER THE COURT ERRED IN GRANTING INSTRUCTIONS S-1, S-2, AND
        S-3?

The Appellant argues that in granting these jury instructions, the jury was permitted to find the Appellant guilty of forgery without the necessity of finding that he violated all the elements of the alleged offenses. Barrett was indicted for uttering a forgery pursuant to section 97-21-59, which provides:

>        Every person who shall be convicted of having uttered or published as true, and with
>        intent to defraud, any forged, altered, or counterfeit instrument, or any counterfeit gold or
>        silver coin, the forgery, altering, or counterfeiting *of which is declared by the provisions
>        of this chapter to be an offense*, knowing such instrument or coin to be forged, altered, or
>        counterfeited, shall suffer the punishment herein provided for forgery.

Miss. Code Ann. § 97-21-59 (1972) (emphasis added).

The missing element that Barrett claims was necessary to convict is the phrase, "of which is declared by the provisions of this chapter to be an offense." Instructions S-1, S-2, and S-3 did not contain the

phrase, "of which is declared by the provisions of this chapter to be an offense," and therefore, Barrett claims the jury did not find that he violated all the necessary elements. The instructions were worded as follows:

> The court instructs the jury that should you find from the evidence in this case, beyond a reasonable doubt that:
>
> 1. On or about the 22nd day of January, 1993, in Clarke County, Mississippi;
>
> 2. The Defendant, Billy Ray Barrett, did knowingly, willfully, and unlawfully publish as true and genuine a false and forged check to Super Value Foods, of Stonewall, MS;
>
> 3. And his intent was to defraud the store, the bank, and/or Andy Kersh; then it is your sworn duty to find the Defendant guilty of uttering forgery under count I.
>
> Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty under Count I.

Barrett, argues that because the phrase was missing, the jury instructions were fatally flawed, and because the jury was never asked to find with respect to the missing portion, the conviction is void.

Alternatively, the State asserts that the missing language in no way amounts to prejudicial error. The State cites to section 97-21-35, which provides:

> Every person who, with the intent to injure or defraud, shall falsely make, alter, forge, or counterfeit . . . or writing being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be created, increased, discharged, or diminished, or by which any right or property whatever shall be or purport to be transferred, conveyed, discharged, diminished, or in any manner affected, by which false making, forging, altering or counterfeiting any person may be affected, bound, or in any way injured in his person or property, *shall be guilty of forgery.*

Miss. Code Ann § 97-21-35 (1972) (emphasis added).

The Mississippi Supreme Court has held a check to be one of the instruments which is subject to forgery under this statute. "Forging a check is a crime under the provisions of Miss. Code Ann. section 97-21-35 (1972)." *Harrington v. State*, 336 So. 2d 721, 722 (Miss. 1976). Since forging a check is a crime, we agree with the State's proposition that failure to submit the line, "of which is declared by the provisions of this chapter to be an offense," was not reversible error. As per sections 97-21-35 and 97-21-59, Barrett remains guilty of the uttering charge as convicted. Further, the general forgery statute clearly explains that forgery is a criminal offense, and therefore, no prejudicial error occurred because of the missing line. As a result, we affirm the lower court.

## II. WHETHER THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL/JNOV.

Barrett also claims that the State failed to prove the element of intent to defraud. The Appellant argues that this should have been proved by calling Andy Kersh, the owner of the checks, as a witness. The Appellant would then require Mr. Kersh to state that he did not give him permission to forge his name to the checks. This type of testimony is unnecessary because it is obvious Barrett did not have permission to cash Kersh's checks.

Furthermore, Andy Kersh's testimony was unnecessary because during trial a statement by Officer Kufel revealed that Kersh had never given Barrett permission to write the checks. Also, additional testimony revealed that at one point Barrett told a cashier that Andy Kersh was actually outside, waiting in the car. This, of course, was an untrue statement which was contradicted by an employee who testified that Kersh was not in the car at the time of the incident. It is obvious that Barrett did not have permission to use the checks, and it was not essential for the prosecution to produce such a statement from Andy Kersh.

The Mississippi Supreme Court has repeatedly stated its standard of review for testing the sufficiency of the evidence for motions for a JNOV. The standard of review for a challenge to the sufficiency of the evidence is explained in *McClain v. State*:

> In appeals from an overruled motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence . . . consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993) (citations omitted).

In the case at hand, it was unnecessary to have Kersh's testimony. The element of intent to defraud was proved through circumstantial evidence. Finding no assignment of error which warrants reversal, we affirm the lower court.

## III. WHETHER BARRETT'S SENTENCE CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT.

Barrett received the maximum penalty of fifteen years under the habitual offender sentencing statute section 99-19-81. Without "hope" of parole, he is to serve fifteen years for each count with counts two and three to be served concurrently. Barrett argues this was excessive to the point of being violative of the Eight Amendment of the United States Constitution.

As a general rule, this Court will not disturb sentencing, which is purely a matter of trial court discretion, as long as the sentence imposed lies within the statutory limits. *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992); *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992); *Corley v. State*, 536 So. 2d 1314, 1319 (Miss. 1988). Where a sentence is "grossly disproportionate" to the crime committed, however, the sentence is subject to attack on the ground that it violates the Eighth Amendment prohibition against cruel and unusual punishment. *Fleming*, 604 So. 2d at 302; *Davis v. State*, 510 So. 2d 794, 797 (Miss. 1987).

In the case at bar, Barrett was sentenced within the limits of the Mississippi habitual offender statute. His sentence was neither cruel nor unusual; it merely followed as directed by the statute, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal rime upon charges separately brought and arising out of separate incidents at different times who shall have been sentenced to separate terms of one year or more in any state and/or federal penal institution whether in this state or elsewhere shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81(1972).

This is not the first time Mississippi courts have addressed the issue of cruel and unusual punishment in the context of a habitual offender whose third conviction was forgery or uttering a forgery.

In *Seely v. State,* the appellant had previously been twice convicted of nonviolent felonies. His third conviction was for forgery, and he was sentenced as a habitual offender to fifteen years without parole pursuant to section 99-19-81. He, like the case at hand, appealed to the Mississippi Supreme Court arguing his sentence was cruel and unusual and in violation of the Eighth Amendment. The court unanimously held that his sentence was within the guidelines and did not violate the Eighth Amendment. *Seely v. State*, 451 So. 2d 213, 216 (Miss. 1984).

Another case, *Barnwell v. State*, also addresses the issue at hand. That court held that a fifteen year sentence, without hope of parole, imposed on a defendant who was convicted as a habitual offender for uttering a forgery was within the statutory limits and did not constitute cruel and unusual punishment. *Barnwell v. State*, 567 So. 2d 215, 219 (Miss. 1990).

Because of the precedent set forth, we affirm the lower court and find that Barrett's fifteen year sentences for each count within the statutory and constitutional limits allowed.

**THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION ON COUNTS I, II AND III OF UTTERING A FORGERY AND SENTENCED AS A HABITUAL OFFENDER TO FIFTEEN (15) YEARS ON EACH COUNT, WITH SENTENCES IN COUNTS I AND II TO BE SERVED CONSECUTIVELY AND**

**SENTENCE IN COUNT III TO BE SERVED CONCURRENTLY WITH SENTENCES IN COUNTS I AND II, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.**

**FRAISER, C.J., THOMAS, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**