832 So.2d 1270 (2002)
Carlos Dewayne JEFFERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01868-COA.
Court of Appeals of Mississippi.
December 17, 2002.
Charles E. Miller, McComb, attorney for appellant.
Office of the Attorney General, by John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Carlos Jefferson pled guilty to a charge of felony possession of a controlled substance. On appeal Jefferson argues that his sentence resulted from consideration of improper reasons and constitutes cruel and unusual punishment. We disagree and therefore affirm.

FACTS
¶ 2. Carlos DeWayne Jefferson was indicted on the charge of felony possession of 4.6 grams of cocaine with intent to sell or distribute. Because of a prior drug conviction, the indictment also called for an enhanced sentence on the charge. Following negotiations with the prosecution, Jefferson entered a plea of guilty to simple *1271 possession without the sentence enhancement. Upon defense motion, sentencing was deferred and the court ordered a presentencing investigative report.
¶ 3. At the sentencing hearing, Jefferson testified to his reformed character. He also presented two character witnesses. There was also testimony on the following: at the time of his arrest, Jefferson possessed substantial cash and a 90-millimeter Glock handgun; Jefferson had three prior misdemeanor possession convictions; as of the day of sentencing, Jefferson had both misdemeanor and felony possession charges pending against him in Louisiana and Texas.
¶ 4. Jefferson was sentenced to twelve years in custody. The initial sentencing order contained an error to the effect that Jefferson had been convicted of possession with intent to sell rather than simple possession. The defendant submitted a motion to re-sentence which included a request to correct this error. At the hearing on the motion, the trial court granted the motion to remove the reference to sales in the sentencing order but refused to reduce the twelve-year sentence.

DISCUSSION
1. Propriety of sentencing considerations
¶ 5. Jefferson argues that in sentencing, the trial court improperly considered charges pending against him in other jurisdictions that had not resulted in conviction. He asserts that this violated his constitutional right to be presumed innocent until proven guilty on the other charges.
¶ 6. The sentencing transcript reveals the following exchange took place:
THE COURT: Okay. Mr. Jefferson, I'm going to be honest with you. I haven't seen anything that would impress me to give you a probationary sentence. You haven't worked since June?
A: Ma'am?
Q: You haven't worked since June?
A: I know. I started back helping my grandfather but he recently took sick like at the end of July.
Q: Okay.
A: I could have obtained a job before then but I was going to court in different places and my father didn't want to speak for me until I finished everything.
Q: You were going to court in different places each time for having what I consider large amounts of drugs?
A: Yes, ma'am. Well, the only time that it was really mine is when we were coming from Texas.
MR. MILLER: Your honor, can we have that stricken from the record because he has already pled the Fifth?
THE COURT: No, sir. I didn't ask him to say it. I'm not striking anything from the record. The Court is going to sentence you at this time, and the only reason I'm not going to give you the maximum sentence is because you have pled, the Court is going to sentence you to a period of 12 years in the Mississippi Department of Corrections. This Court believes that you are a drug dealer. That will be the order of the Court. Take him into custody.
¶ 7. Jefferson was told during his plea hearing that he could receive a sentence of probation or as much as sixteen years imprisonment, the statutory range for this crime. The sentence given was within that *1272 statutory range. Normally, a sentence consistent with the statutory parameters will not be disturbed. Corley v. State, 536 So.2d 1314,1319 (Miss.1988).
¶ 8. Jefferson's point is that this case is exceptional because the sentence considerations were improper, which might have increased the sentence that he was given. A pre-sentence report likely will include information about other charges against a defendant, whether they have resulted in convictions or not. A trial judge may consider all relevant factors when establishing a sentence, including a defendant's explanation about such information. The trial judge indicated that she did not believe Jefferson's assertions of reform in just a few short months from his admitted crime. That was within her discretion to determine.
2. Cruel and unusual punishment
¶ 9. Jefferson also argues his twelve-year sentence is disproportionately harsh for the crime he committed and therefore constitutes cruel and unusual punishment prohibited under the Eighth Amendment of the federal Constitution. Jefferson's only argument as to why twelve years is an unjustly harsh punishment is that possession of cocaine is a victimless crime which constituted no danger to the community. He also suggests by inference that because diversionary programs, such as drug courts, are available and were apparently not considered at all by the trial court, there is almost a per se violation of the Eighth Amendment.
¶ 10. We find Jefferson's reasons why leniency was proper to be less than persuasive. He has presented no evidence to suggest that imprisonment is outside the norm of accepted methods of punishing the offense.
¶ 11. THE DISMISSAL OF THE MOTION FOR RE-SENTENCING BY THE WILKINSON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.