GRIFFIS, J.,
for the Court.
¶ 1. Tommy Banks was convicted of armed robbery and sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections. On appeal, Banks argues that: (1) the trial court erred in sentencing him to thirty-five years, (2) the trial court erred by relying on pending charges in sentencing him, and (3) the trial court erred in denying his motion for a new trial. We find no error and affirm.
FACTS
¶ 2. Tommy Banks and David Cortez Price went to the home of Charles Sud-duth and knocked on the door. When Sudduth opened the door, Banks and Price put a gun to his head and demanded the keys to his truck. Sudduth gave Banks and Price his keys and was forced out of his house. However, Sudduth managed to escape and ran back into his house. Thereafter, Banks and Price attempted to drive away in Sudduth’s truck but were unable to do so due to muddy conditions. Subsequently, Banks and Price got out of the truck and walked towards Sudduth’s house where they fired shots and kicked the front door. After they failed to gain access into Sudduth’s house, Banks and Price attempted to leave but were apprehended by police officers. Banks was arrested and taken to the police station where he admitted to being present at Sudduth’s house and participating in the armed robbery.
ANALYSIS

I. Did the trial court err in sentencing Banks to thirty-five years?

¶ 3. Banks argues that a sentence of thirty-five years in the custody of the Mississippi Department of Corrections is disproportionate to the charged crime.
*1063 It is well settled law that sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Wall v. State, 718 So.2d 1107, 1114(¶ 29) (Miss.1998). Mississippi Code Annotated Section 97-3-79 (Rev.2000) states that upon conviction of armed robbery, the defendant “shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury failed to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.” Banks’ sentence of thirty-five years was within the statutory guidelines. Normally, a sentence consistent with the statutory parameters will not be disturbed. Corley v. State, 536 So.2d 1314, 1319 (Miss.1988).
¶4. Banks also contends that his sentence was unusually harsh because he is a first time offender. However, just because a defendant is convicted of a felony for the first time does not preclude a maximum sentence. Nichols v. State, 826 So.2d 1288, 1292(¶ 16) (Miss.2002).
¶ 5. Banks further contends that the crime was non-egregious. Armed robbery is a crime of violence. Ashley v. State, 538 So.2d 1181, 1185 (Miss.1989). The record indicates that Banks and Price put a loaded gun to the victim’s head and later fired shots into the victim’s home after he escaped. Furthermore, during oral argument to this Court, Banks’ attorney acknowledged the seriousness of armed robbery and the violent nature of such a crime. But perhaps the most profound example of the egregious nature of armed robbery came from the victim himself. During trial, Mr. Sudduth testified as follows:
Q: Were you placed in fear?
A. Oh, yes, I was.
Q. Yes, sir. And were you placed in fear by the exhibition of that firearm, that gun?
A. I was very afraid of that gun.
Q. Yes, sir.
A. I was afraid if he twitched his finger it would blow my brains out.
The trial court was correct in sentencing Banks to thirty-five years. Thus, we find no error.

II. Did the trial court err by relying on pending charges in sentencing Banks?

¶ 6. During the sentencing hearing, the trial judge stated, ‘You’re 28 years of age. The Court can sentence you to any term of years within your reasonable life expectancy. The Court also notes that you have an armed robbery charge pending in this court in cause number 02-0-247 and in 03-0-175, count one, and an aggravated assault in cause number 03-0-175, count two.” Banks contends that the trial judge erroneously relied on the pending charges in order to support such a harsh sentence of thirty-five years.
¶ 7. Banks did not make a contemporaneous objection during the sentencing hearing. If a contemporaneous objection is not made, an appellant must rely on plain error to raise the argument on appeal. Watts v. State, 733 So.2d 214, 233(¶ 53) (Miss.1999). “The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice.” Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). “Further, this Court applies the plain error rule only when it affects a defendant’s substantive/fundamental rights.” Id. (citing Grubb v. State, 584 So.2d 786, 789 (Miss.1991)).
*1064 ¶ 8. Banks argues that “it is clear from the trial transcript that the sentencing judge took into account other pending charges which had not been adjudicated at the date of sentencing,” and states “it is these charges alone upon which the trial judge seems to rely for egregiousness necessary to support the harsh sentence against such g, young man.” However, the trial transcript indicates that prior to noting the pending charges, the trial judge emphasized the seriousness of the crime. The trial judge stated, “[ajrmed robbery is one of the most serious offenses that a person can be convicted of in this community in this Court’s opinion. It absolutely will not be tolerated. Whether it’s good luck or bad luck, you’ve ended up in the wrong court if you expect mercy in an armed robbery conviction.” The record indicates that the trial judge’s main concern, in sentencing Banks to thirty-five years, was the violent nature of the crime committed and not any pending charges.
¶ 9. Nevertheless, this Court has recognized that the consideration of pending charges during sentencing does not warrant a reversal or violate a defendant’s constitutional rights. See Baldwin v. State, 732 So.2d 236, 246 (¶¶ 35-36) (Miss.1999); Strohm v. State, 845 So.2d 691, 700(¶ 30) (Miss.Ct.App.2003); Jefferson v. State, 832 So.2d 1270, 1272(¶ 8) (Miss.Ct.App.2002); Waldon v. State, 749 So.2d 262, 268(¶ 19) (Miss.Ct.App.1999). The trial court has broad discretion in what may be considered during sentencing and may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information it may consider or the source from which it may come. Evans v. State, 547 So.2d 38, 41 (Miss.1989). Indeed, a pre-sentencing report will likely include information about other charges against a defendant, whether they have resulted in convictions or not. Jefferson, 832 So.2d at 1272(¶ 8).
¶ 10. Banks’ sentence of thirty-five years was within the statutory guidelines. A trial court will not be held in error if the sentence imposed is within the limits fixed by statute. Corley, 536 So.2d at 1319. Upon review, we find that the trial court did not abuse its discretion in considering pending charges during sentencing. Thus, we find no error.

III. Did the trial court err in denying Banks’ motion for a new trial?

¶ 11. Banks argues that the trial court erred in denying his motion for a new trial. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Montana v. State, 822 So.2d 954, 967-68(¶ 61) (Miss.2002). Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. Id.
¶ 12. Banks admitted to being present at the victim’s home and participating in the armed robbery. By exhibiting a deadly weapon, Banks effectuated the robbery and placed the victim in fear of his life. As his defense, Banks argues duress. Banks testified that he was forced by Price to participate in the armed robbery out of fear for his life. The credibility of a witness is for the determination of the jury. Mangum v. State, 762 So.2d 337, 342(¶ 12) (Miss.2000). It is within the discretion of the jury to accept or reject the testimony of a witness. Id. The jury resolved the question of guilt in favor of the State. Upon review, we find that the *1065 jury’s verdict was not contrary to the overwhelming weight of the evidence. Therefore, the trial court did not abuse its discretion in denying Banks’ motion for a new trial.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE TO SERVE A TERM OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CREDIT FOR TIME SERVED IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.