# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-01426-COA

**DWIGHT JONES**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2024 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: AMBER LAUREN STEWART DWIGHT JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/27/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND LASSITTER ST. PÉ, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. In November 2024, a Coahoma County jury convicted Dwight Jones of possessing a firearm as a felon. The trial court sentenced Jones to serve a term of eight years in the custody of the Mississippi Department of Corrections (MDOC). Jones moved for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the trial court denied. Jones appealed.

¶2. Jones's appointed appellate counsel filed a brief consistent with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that counsel found no arguable issues for appeal. This Court entered an order allowing Jones forty days to file a pro se supplemental brief. Jones timely

filed his pro se supplemental appellant's brief, asserting that (1) the trial judge erred when he considered the facts of Jones's acquitted charge in sentencing him for the felon-in-possession-of-a-firearm conviction; (2) Jones's sentence was excessive; and (3) Jones was subject to double jeopardy. After an independent and thorough review of the record, and having considered the arguments presented by Jones, we find no error. Accordingly, we affirm Jones's conviction and sentence.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶3. In November 2018, a Coahoma County grand jury indicted Dwight Jones for one count of first-degree murder in violation of Mississippi Code Annotated section 97-3-19(1)(a) (Supp. 2017) with a firearm enhancement pursuant to Mississippi Code Annotated section 97-37-37(1) (Rev. 2014) and one count of possession of a firearm as a convicted felon in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014).

¶4. Jones's trial took place on November 13 and 14, 2024. The charges brought against Jones centered around an incident that occurred on the evening of November 17, 2017, when Jones fatally shot Fredrick Monroe.

¶5. Jones lived with his girlfriend, Tiaria Coley, in her apartment located in a complex in Jonestown, Mississippi. They had been dating about eleven years. Jones was also in a sexual relationship with Suntia Monroe, who was married to Fredrick. Jones and Suntia had been carrying on the affair since 2015. Beginning in 2015 and until Fredrick's death, there were several prior physical conflicts between Jones and Fredrick due to Jones's relationship with Suntia.

2

¶6.     On the night of the fatal shooting, Jones was planning to take Tiaria to the casino. Tiaria was waiting in her vehicle for Jones, who told her that he needed to go back into the apartment and get something. Tiaria asked Jones if he would also get her gun that was in the apartment. While Tiaria was waiting for Jones, Fredrick pulled up in his vehicle and asked her where Jones was. She told him that Jones was "coming around from the back," and Fredrick walked in that direction, toward Tiaria's apartment. Tiaria called Jones to tell him that Fredrick was there.

¶7.     Jones testified at trial that he tried to hide from Fredrick in his neighbor's apartment. Jones could see Fredrick at the door of Tiaria's apartment through the neighbor's window blinds. When Jones saw that Fredrick was no longer at the apartment door, Jones tried to go back to Tiaria's apartment. Fredrick, however, attacked Jones "out of nowhere" as Jones tried to unlock the apartment door. According to Jones, he tried to flee, but Fredrick caught up with him and began threatening to throw him over the rail of a second-floor balcony.

¶8.     The two began fighting. Jones testified that he had the gun in his jacket pocket throughout the fight and shot Fredrick in self-defense. After the shooting, Jones had Tiaria drive him to his mother's home, but then he "came right back" and admitted what had happened to the police. During cross-examination, Jones also admitted that he was a felon, that he knew he was not supposed to have a gun, and that he possessed a gun on the night of the shooting. Additionally, Jones's prior felony conviction was accepted into evidence without objection.

¶9.     The jury acquitted Jones of murder but found him guilty of possessing a firearm as a

3

felon.  The trial court sentenced Jones to serve eight years in the custody of the MDOC.

After unsuccessfully moving for a JNOV or, in the alternative, a new trial, Jones appealed.

As noted, Jones's counsel found no arguable issues for appeal and filed a *Lindsey* brief.

Jones then filed a pro se brief raising three issues, as addressed below.

## STANDARD OF REVIEW

¶10.    "We review a trial court's imposition of a sentence under an abuse of discretion

standard." *Anderson v. State*, 293 So. 3d 279, 296 (¶52) (Miss. Ct. App. 2019).  We give de

novo review to claims of double jeopardy.  *Johnson v. State*, 401 So. 3d 1059, 1063 (¶9)

(Miss. Ct. App. 2025).

## DISCUSSION

### I.    *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005)

¶11.    Jones's appellate counsel in this case reviewed the record and determined that Jones

had no arguable issue to raise on appeal.  In *Lindsey*, the Mississippi Supreme Court

established the following procedure governing cases in which appellate counsel for an

indigent criminal defendant determines the record shows no appealable issues:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of
> Appellate Procedure 28(a)(1)-[(5), (8)].
>
> (2) As part of the brief filed in compliance with Rule 28, counsel must certify
> that there are no arguable issues supporting the client's appeal, and he or she
> has reached this conclusion after scouring the record thoroughly, specifically
> examining: (a) the reason for the arrest and the circumstances surrounding
> arrest; (b) any possible violations of the client's right to counsel; (c) the entire
> trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial
> misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into
> evidence or not; and (h) possible misapplication of the law in sentencing.

4

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (citations and footnotes omitted).

¶12.    We have reviewed the appellant's brief, and we find that Jones's appellate counsel complied with the requirements set forth in *Lindsey*. We further find that Jones's appellate counsel provided Jones with a copy of the *Lindsey* brief and advised Jones that she found no arguable issues in the record and that he had a right to file a pro se brief. Jones filed a pro se supplemental brief, raising three issues challenging the legality of his eight-year prison sentence. The State responded. Jones did not file a reply brief. We address the three issues Jones raises on appeal below.

## II.    Issues Jones Raises in his Pro Se Appellant's Brief

### A.    The Circumstances Considered by the Trial Judge when Sentencing Jones

¶13.    Jones asserts that the trial judge erred when he considered the facts surrounding Fredrick's death in sentencing Jones for the felon-in-possession-of-a-firearm conviction. We disagree for the reasons discussed below.

¶14.    At the sentencing hearing, the trial judge pointed out to Jones:

[You] should've never had [that weapon] in your possession. Now, I don't know what would've happened, but had you not had it in your possession, the victim here would not have gotten shot. . . .

I can't ignore the fact that the gun was in your possession when it in fact was fired, and it did take the life of another human being. So it was the worst outcome possible for a violation of this particular statute.

¶15. We find no error in the trial judge's analysis or his consideration of the fact that Fredrick died as a result of Jones having a weapon in the first place. This Court has recognized that "in sentencing, the trial court has broad discretion in the things it is able to consider and may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information it may consider, or the source from which it may come." *Anderson*, 293 So. 3d at 296 (¶54).

¶16. In *Anderson*, for example, we examined the sentences imposed for the defendant's seven convictions of touching a child for lustful purposes. *Id.* at 283 (¶1). The defendant asserted that the trial court improperly considered prior abuse allegations by the defendant's adopted daughter when sentencing him. *Id.* at 296 (¶54). We found no abuse of discretion in the fifteen-year sentence imposed for each count, observing that "[w]e find nothing in the record that suggests that the trial judge placed improper emphasis on [the defendant's adopted daughter's] testimony in imposing [the defendant's] sentences, which were in the statutory limits." *Id.*

¶17. Similarly, in *Jefferson v. State*, 832 So. 2d 1270 (Miss. Ct. App. 2002), we found no abuse of discretion in the trial judge considering the defendant's pre-sentence investigation report containing information about other charges against him. *Id.* at 1272 (¶8). We

observed that "[a] trial judge may consider all relevant factors when establishing a sentence, including a defendant's explanation about such information," and, further, the judge may choose to believe the defendant's assertions, as "[t]hat was within her discretion to determine." *Id.*

¶18. Here, we find that the ramifications of Jones's actions while he possessed the gun certainly comprised a "relevant factor[]" the trial judge could consider when establishing Jones's sentence, which, as we address below, was within the statutory limits. Accordingly, we find that Jones's assertions with respect to this issue are without merit.

### B. Length of Jones's Sentence

¶19. Jones argues that his eight-year sentence is excessive and "exceeds the typical sentence compared to those similarly situated" to him. We are not persuaded by Jones's assertions. Pursuant to section 97-37-5(2), any person convicted of possessing a firearm as a felon "shall be fined not more than Five Thousand Dollars ($5,000.00), or committed to the custody of the State Department of Corrections for not less than one (1) year nor more than ten (10) years, or both." Miss. Code Ann. § 97-37-5(2). In this case, the trial judge sentenced Jones to serve eight years, which is within the statutory range.

¶20. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Rodriguez v. State*, 413 So. 3d 646, 658 (¶40) (Miss. Ct. App. 2025). We recognize that there is a "very limited and rarely imposed exception" to this general rule that applies only when a defendant can show that his sentence is "grossly disproportionate to the crime." *McCool v. State*, 328 So. 3d 173,

192 (¶93) (Miss. Ct. App. 2021).

¶21. Here, Jones's sentence does not exceed the maximum term allowed by statute, and he has not shown that his sentence is grossly disproportionate to his felon-in-possession-of-a-firearm conviction. *See Anderson*, 293 So. 3d at 297 (¶55) (finding that because the defendant's sentences "were within the statutory limits there is no inference of gross disproportionality); *Mapp v. State*, 310 So. 3d 335, 338 (¶8) (Miss. Ct. App. 2021) (finding "no inference of gross disproportionality" where "the sentences imposed by the circuit court fall within the applicable statutory sentencing limits"); *see also Rodriguez*, 413 So. 3d at 658 (¶41); *Caston v. State*, 346 So. 3d 935, 941 (¶17) (Miss. Ct. App. 2022); *Carroll v. State*, 423 So. 3d 321, 328-29 (¶24) (Miss. Ct. App. 2025). Further, possessing a firearm as a felon is a serious crime, especially under the circumstances here, where Jones's possession of that firearm resulted in Fredrick's death. Accordingly, we find that Jones's excessive-sentence assertions are without merit.

### C. Double Jeopardy

¶22. Jones asserts, in one sentence, that the trial judge subjected him to double jeopardy "by punishing him for the crime of manslaughter" when the judge took "into consideration the details of the manslaughter case in which Jones was acquitted." We disagree for the reasons we discuss below.

¶23. As an initial matter, we find that Jones has waived this issue on appeal because he failed to abide by Mississippi Rule of Appellate Procedure 28(a)(7), which requires that an appellant's argument "contain the contentions of appellant with respect to the issues

8

presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). "Mississippi courts have repeatedly held that in the absence of meaningful argument and citation of authority, we generally will not consider the assignment of error." *McVay v. State*, 385 So. 3d 1280, 1293 (¶33) (Miss. Ct. App. 2024) (internal quotation mark omitted).

¶24. We also find that Jones's double jeopardy assertion fails on the merits. "The double-jeopardy clause[1] affords three protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Johnson*, 401 So. 3d at 1063 (¶9). Jones appears to assert that the first protection—"protection from a second prosecution for the same offense after acquittal"—was violated here. We disagree.

¶25. In the case before us, the trial judge imposed one sentence for one offense: possession of a firearm as a felon. Consideration of the circumstances resulting in Fredrick's death in no way constituted a "second prosecution" for manslaughter against Jones. On the contrary, as we have already addressed above, it was well within the trial judge's discretion to consider that Jones's possession of the firearm resulted in Fredrick's death. *See Jefferson*, 832 So. 2d at 1272 (¶8). As such, we find that Jones's double jeopardy assertion is without merit.

¶26. **AFFIRMED.**

---

[1] *See* U.S. Const. amend. V (stating no person shall "be subject for the same offence to be twice put in jeopardy of life or limb"); Miss. Const. art. 3, § 22 ("No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.").

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**